MARY F. HANNON, Respondent, v. SIEGEL-COOPER COMPANY, Appellant.

PRINCIPAL AND AGENT — LIABILITY FOR THE TORT OF APPARENT AGENT. A corporation, which is the proprietor of a department store and holds itself out as practicing dentistry in one of the departments apparently in charge of its agents, is estopped from denying their agency and its liability for their malpractice, although in fact they may be carrying on the practice on their own account, where a patient who is ignorant of that fact is operated upon by them unskillfully, since he has a right to rely upon the presumption that they are skillful practitioners and also on the fact that, whether skillful or not, if they are guilty of any malpractice, he will have a responsible party to answer therefor in damages.

*Hannon* v. *Siegel-Cooper Co.*, 52 App. Div. 624, affirmed.

(Argued April 26, 1901; decided June 4, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 15, 1900, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Gibson Putzel* for appellant. The plaintiff has failed to establish the elements of an estoppel, or to show that the acts of defendant in holding itself out to the world as the proprietor of the dental department in any way caused or tended

to cause any injury to her. (*Seaman* v. *Koehler*, 122 N. Y. 646 ; *Baldwin* v. *Abraham*, 57 App. Div. 67 ; *Diel* v. *Zeltner Brewing Co.*, 30 App. Div. 291 ; *Thiry* v. *Taylor B. & M. Co.*, 37 App. Div. 391 ; *Hodgson* v. *Conklin*, 50 App. Div. 604 ; *Winegar* v. *Fowler*, 82 N. Y. 315 ; *McMaster* v. *Ins. Co. of N. A.*, 55 N. Y. 222 ; *Trustees, etc., Town of Brookhaven* v. *Smith*, 118 N. Y. 634 ; *Dater* v. *Willson*, 36 Hun, 546 ; *Wilcox* v. *Howell*, 44 N. Y. 398 ; Bigelow on Estoppel [5th ed.], 638 *et seq.*) The trial justice in his charge erroneously instructed the jury that the misrepresentation by defendant and reliance thereon by plaintiff were sufficient to impose liability on defendant for the negligence of Dr. Cooney: (*Jamison* v. *Miller*, 64 Iowa, 402 ; *Laubheim* v. *DeK. N. S. Co.*, 107 N. Y. 228 ; *Allan* v. *State S. Co.*, 132 N. Y. 91 ; *Secord* v. *St. P., M. & M. Ry. Co.*, 18 Fed. Rep. 221 ; *Townsend Sav. Bank* v. *Todd*, 47 Conn. 190.)

*Charles Haldane* and *Abraham Levy* for respondent. The exception to the charge of the trial justice that the defendants would be liable for holding themselves out as conducting a dental business is not well taken. (*Argersinger* v. *Macnaughton*, 114 N. Y. 535 ; *Good* v. *Rumsey*, 50 App. Div. 280 ; *De Remer* v. *Brown*, 36 App. Div. 634 ; *Arfman* v. *Hare*, 27 Misc. Rep. 777 ; *Pond* v. *Clark*, 57 N. Y. 653 ; *Waring* v. *Mason*, 18 Wend. 425 ; *Jarvis* v. *Schaefer*, 105 N. Y. 289 ; *Robertson* v. *Natl. S. Co.*, 139 N. Y. 416 ; *Mills* v. *Hunt*, 20 Wend. 431.)

Cullen, J. The complaint charged that the defendant, a corporation, conducting a department store in the city of New York, represented and advertised itself as carrying on the practice of dentistry in one of its departments ; that the plaintiff employed the defendant to render the necessary professional labor in the treatment of her teeth and paid therefor ; that the defendant's servant performed said work so carelessly, negligently and unskillfully that plaintiff's jaws and gums were injured, for which malpractice she claimed dam-

ages. . The answer in substance was a general denial. Plain-
tiff had a verdict at the Trial Term and the judgment on that
verdict has been unanimously affirmed by the Appellate .
Division.

The Public Health Law by section 164 makes it a misde-
meanor for any person to practice or to hold himself out to
the public as practicing dentistry in any county in this state
without being licensed to practice as such and registered in the
office of the clerk of the county, and it would seem that the
action of the defendant in assuming to carry on the business
of dentistry was illegal and *ultra vires*. But though it was
beyond the corporate powers of the defendant to engage in the
business this does not relieve it from the torts of its servants
committed therein (*Bissell* v. *Mich. Southern R. R. Co.*, 22
N. Y. 258) and the unanimous affirmance of the Appellate
Division is conclusive to the effect that it either practiced
dentistry or held itself out as practicing dentistry. The only
question cognizable by us arises upon the appellant's excep-
tion to the following charge of the trial court: "If the
defendants in this case made representation to the plaintiff,
on which she relied, that they were conducting a dentist busi-
ness in their store, and if she, because of those representations,
hired the workman in the store of the defendants, with no
knowledge that the business was conducted by Mr. Hayes indi-
vidually, you may find the defendants responsible for the acts
of the dentist who treated the plaintiff, even though Mr.
Hayes, as a matter of fact, was the real owner of that depart-
ment of the defendants' store." The appellant's counsel does
not deny the general doctrine that a person is estopped from
denying his liability for the conduct of one whom he holds
out as his agent against persons who contract with him on the
faith of the apparent agency, but he insists that the doctrine
does not apply to the present case, because the action is
brought in tort and not on contract. It may very well be
that where the duty, the violation of which constitutes the
tort sued for, springs from no contract with, nor relation to,
the principal, a party would not be estopped from denying that

the wrongdoer was his agent, even though he had held him out as such.   In such a case the representation of the principal would be no factor in producing the injury complained of. But whenever the tort consists of a violation of a duty which springs from the contract between the parties, the ostensible principal should be liable to the same extent in an action *ex delicto* as in one *ex contractu*.   It is urged that the representation that the operating dentists were the defendant's servants did not mislead the plaintiff to her injury and, therefore, should not estop the defendant from asserting the truth. There is no force in this claim.   If A contracts with the ostensible agent of B for the purchase of goods, he relies not only on the business reputation of B, as to the goods he manufactures or sells, but on the pecuniary responsibility of B to answer for any default in carrying out the contract.   So here the plaintiff had a right to rely not only on the presumption that the defendant would employ a skillful dentist as its servant, but also on the fact that if that servant, whether skillful or not, was guilty of any malpractice, she had a responsible party to answer therefor in damages.

The judgment appealed from should be affirmed, with costs.

O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur; PARKER, Ch. J., takes no part.

Judgment affirmed.