JAMES T. CONRAD, Appellee, *vs*. THE SPRINGFIELD CON-SOLIDATED RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1909.*

1. NEGLIGENCE—*street railway ordinance is not merely a con-tract.* While an ordinance granting street railway privileges is in some respects a contract between the city and the street railway company, yet the public have an interest in the provisions for the protection of people against personal injury, and mere failure of the city to enforce such provisions does not preclude liability of the company to a person injured as a result of a violation thereof by the company.

2. SAME—*provision requiring guard wires over electric cables is a valid exercise of police power.* A provision of an ordinance granting street railway privileges which requires the company to place guard wires over the electric wires and cables at points where they are crossed by wires of other concerns is a valid exercise of the police power of the city, and a violation of such provision is *prima facie* negligence.

3. SAME—*proof that use of guard wires is a menace is not ad-missible.* In an action by a telephone lineman for injuries received

by a wire he was handling coming in contact with an unguarded live wire of the defendant street railway company, the defendant is entitled to prove, upon the question of proximate cause, that its failure to provide guard wires as required by ordinance did not cause the plaintiff's injury, but it cannot prove, as a general proposition, that the use of guard wires is a menace instead of a protection and has generally been discontinued.

4. SAME—*doctrine of assumed risk is limited to suits between master and servant.* The doctrine of assumed risk is only applicable to cases arising between master and servant.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon. county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

WILSON, WARREN & CHILD, for appellant.

T. J. CONDON, and ALBERT SALZENSTEIN, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

On August 21, 1906, James T. Conrad was employed as a lineman by the Central Union Telephone Company. On that day he was engaged in taking down and putting up telephone wires on a telephone pole at the corner of Sixth and Monroe streets, in the city of Springfield, and while so engaged an old telephone wire which he was handling broke and fell upon a trolley wire belonging to the Springfield Consolidated Railway Company, carrying a high voltage of electricity, which was thereby communicated to his person, causing severe personal injuries. In an action on the case against the street railway. company Conrad recovered a judgment for $3000, which has been affirmed by the Appellate Court for the Third District. The street railway company has prosecuted a further appeal to this court.

The declaration consists of three counts. The first and second counts charge that appellant acquired its right to operate the street car line in the city of Springfield by virtue

of a certain ordinance passed by the city council of said city, the terms and conditions of which were accepted by the appellant and its predecessor companies; that the said ordinance provided that such companies should stretch and maintain suitable guard wires over and above the electric cables and overhead wires at all points where the said railway ran, where other wires belonging to other companies were suspended over and above such electric cables. These counts charged that the Central Union Telephone Company maintained wires above the electric cables at the place where the accident occurred, and that thereby it became the duty of appellant to maintain suitable guard wires over its said cables at that point; that appellant neglected and failed to maintain such guard wires, by means whereof appellee, in the course of his duty as an employee of the telephone company and while in the exercise of due care for his own safety, was injured by the broken telephone wire coming in contact with the unguarded electric cable of appellant. The third count was for common law negligence, and charged a failure to properly guard and protect its cables so as to avoid the injury to the appellee by coming in contact with currents of electricity that were liable to be communicated from such cables through wires of other companies coming in contact therewith.

The appellee introduced in evidence an ordinance duly passed by the city council of Springfield, approved January 20, 1890, granting to the Citizens' Street Railway Company the right to operate its lines of railway in the city of Springfield by electric power. The ordinance prescribed the manner in which such railway company should erect its poles and put up its wires and other overhead construction. Section 7 of the ordinance is as follows: "That it is the duty of said company to stretch and maintain a suitable guard wire along and above its electric cables and over wires at all points within the city where other wires belonging to other companies are suspended over or above said

electric cables. The same may be extended along the whole line of said railway when required by the council. And in case of willful violation of this section said company shall be subject to a fine of not exceeding $200 for every day." The written acceptance of the Citizens' Street Railway Company of the foregoing ordinance, dated February 20, 1890, was introduced in evidence. It was admitted that appellant was the successor to the Citizens' Street Railway Company, and was exercising the rights and privileges of such company under the ordinance aforesaid.

At the request of appellee the court gave to the jury the following instruction:

"The court instructs the jury that under the ordinance of the city of Springfield offered and admitted in evidence in this case it became and was the duty of the defendant to have guard wires over its trolley wire at all places where such trolley wire was crossed by the wires of other companies, and if you believe, from the evidence in this case, that at Sixth and Monroe streets, where plaintiff was injured, other companies, long previous to the day the plaintiff was injured, had wires over defendant's trolley wire, then it was and became the duty of the defendant to have and maintain guard wires at such place; and if you further believe, from the evidence, that the defendant failed so to do, and plaintiff was injured in the manner charged in the first two counts of his declaration, or in either of them, by a wire of the Central Union Telephone Company, which he was then and there attempting to remove, breaking and falling on defendant's unguarded trolley wire at said place, whereby the current from said trolley wire was transmitted against the person of plaintiff, and plaintiff at and before such injury was using ordinary care and caution for his own safety, then you will find a verdict for the plaintiff."

The rulings of the court upon objections made to certain testimony offered by the appellant were in accordance with the rule embodied in the foregoing instruction. The

giving of this instruction, and the ruling upon the evidence in accordance therewith, are the subjects of appellant's most serious contention in this court. Appellant's position in respect to these rulings is, that the ordinance granting the use of the streets upon certain conditions, and the acceptance thereof, constitute a contract between the city and appellant, and as such it should be construed like any other written contract, and that such contract was subject to suspension or alteration by the consent, expressed or implied, of the contracting parties, and, regarding the ordinance as a contract between the city and appellant, that no one not a party to such contract can maintain an action for a violation of its terms. We do not deem it necessary, in the view that we take of this question, to follow the elaborate line of argument presented by appellant's brief. Undoubtedly the ordinance in question for some purposes is regarded as a contract between the city and the railway company, but in so far as it lays duties upon appellant in the interest of the public it is essentially the legislative exercise of the police power of the city and designed to afford protection to the public against injuries such as appellee received. If appellant's contention were sustained, then appellee would have no remedy either against appellant or the city, neither could the city recover against appellant for the injury to appellee. Therefore appellant would not be liable to anyone in any form of action, although its admitted violation of the condition of the provisions was the proximate cause of an injury to an unoffending member of the class for whose protection the condition was imposed. In *Commonwealth Electric Co.* v. *Rose,* 214 Ill. 545, this court had before it a state of facts not materially different from those presented in the case at bar. In that case the electric company was granted the use of the streets of the city of Chicago by an ordinance on the condition that the company would maintain guard wires. The circumstances of the in-

jury in that case were very similar to those in the case at bar. It was there held that the ordinance was a valid exercise of the police power of the city and that the violation of the ordinance was *prima facie* evidence of negligence. We think this question is properly disposed of under the authorities cited by the Appellate Court.

Appellant sought to prove that the use of guard wires was a menace rather than a protection, and that their use had been generally discontinued in recent years. This evidence was not offered for the purpose of proving that the accident in question was not the proximate result of the omission charged, but rather to show the reason why the appellant had been permitted for a number of years to disregard the condition. While one charged with a tort resulting from the violation of an ordinance or a statute may show in defense that a compliance would not have prevented the injury complained of, yet such evidence must be confined to the particular injury involved and not directed to the general adaptability of the legislation as a means of preventing injury. This is a legislative question. The evidence excluded by the court of which complaint is made relates to this general question, with which the court was not concerned. There was no error in its exclusion.

Appellant's contention that appellee must be held, as a matter of law, to have assumed the risk cannot be sustained, since the doctrine of the assumption of risk is only applicable to cases arising between master and servant. *Shoninger Co.* v. *Mann,* 219 Ill. 242.

Other reasons urged for the reversal of this judgment are without merit.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*