CHRISTIANSEN, Respondent, v. FANTLE BROS., et al,
Appellants.

(228 N. W. 407.)

(File No. 6665.   Opinion filed December 31, 1929.)

*Bailey & Voorhees* and *Ray F. Bruce,* all of Sioux Falls, for Appellant.

*E. C. Sigler,* of Sioux Falls, for Respondent.

BROWN, J.   In this action against Fantle Bros., a corporation, Nell Ring, Grace Zwart, and Anne Schneider, plaintiff alleges that Fantle Bros. conducted a beauty parlor in their department store; that the other defendants operated the beauty parlor for Fantle Bros.; and that, induced by the advertising of their beauty parlor by Fantle Bros., she went there and employed defendants to give her a permanent wave; that defendants performed the work so carelessly, negligently, and unskillfully that they seriously burned her scalp; that the burn became an infected sore, for which she claims damage in the sum of $10,000.

The sixth paragraph of the answer of Fantle Bros. alleges that plaintiff knew the character of the appliances and machinery used in making a permanent wave and the dangerous nature thereof, and that by applying for a permanent wave she assumed the risk of any injury, and the eighth paragraph alleges that the defendants Ring and Zwart were lessees of Fantle Bros. under a written lease which is set out in full, and that the defendants Ring and Zwart were independent contractors for whose conduct of the

beauty parlor Fantle Bros. were in no way responsible, and by way of counterclaim alleges that plaintiff willfully and maliciously, and with intent to injure defendant in its business, procured to be published in the Sioux Falls Argus Leader certain false and defamatory matter to the effect that she had filed an action in the circuit court against Fantle Bros. for $10,000 damages for injuries negligently inflicted upon her while getting a permanent wave in Fantle Bros.' beauty parlor. To the foregoing defenses and counterclaim plaintiff demurred on the ground that they did not state facts sufficient to constitute a defense or counterclaim in the action, and, from an order sustaining the demurrer, Fantle Bros. appeal.

██ ██ While the doctrine of "assumption of risk" is ordinarily only applicable to cases arising between master and servant (Conrad v. Springfield Con. Ry. Co., 240 Ill. 12, 88 N. E. 180, 130 Am. St. Rep. 251), yet it is not exclusively confined to such cases, but may apply to other relations. 5 C. J. 1413. If there was inherent danger in the nature of the machinery and appliances used in making the permanent wave in plaintiff's hair and she, fully aware of such danger, chose to assume the risk, she could not hold appellant liable therefor, although appellant would be liable for injury resulting from any negligence of appellant or its servants in the manner of using or applying such machinery and appliances. We think paragraph 6 of the answer may fairly be taken to allege that the machinery and appliances employed to make the permanent wave in plaintiff's hair were known by her to be inherently dangerous, and she assumed the risk of injury that might result from the inherently dangerous character of such machinery and appliances, and to that extent paragraph 6 states a good defense, and the demurrer thereto should have been overruled.

██ But plaintiff by consenting to the use of machinery and appliances known to her to be inherently dangerous would not assume the risk of injury from negligent operation of, or defects in, such appliances.

██ From the allegations of the complaint it seems that plaintiff seeks to hold Fantle Bros. liable on either or both of two theories. First, that defendant Schneider, who undertook to give plaintiff the permanent wave, was the servant of Fantle Bros.; and, second, if not actually such servant, that Fantle Bros. advertised

and held themselves out to the public as the owners and operators of the beauty parlor, and that they are therefore estopped to deny that the relation of master and servant exists between them and Schneider. The answer contains a general denial, except as otherwise admitted and qualified. · There is neither admission nor qualification in regard to the allegation of the complaint that Fantle Bros. held themselves out to the public as owners and operators of the beauty parlor. That allegation is therefore denied.

The lease set out in the eighth paragraph of the answer rents a specified floor space for a monthly rental to be paid by the lessee, and provides that the business of the lessee shall be conducted "to all intents and purposes as though it were part of the business of the (lessor) and that in case of any dispute with customers as to refunds, exchanges and complaints, the decision of the (lessor) shall be binding and final"; and further provides that the employees of the lessee will conform to the established rules of the lessor, and that the lessee "will not employ or continue in its employ any person or persons reasonably objectionable to" the lessor.

It is argued that plaintiff certainly did not go to the beauty shop expecting to be injured; that therefore she could not have relied on the responsibility of the proprietor of the department store; that said proprietor could not therefore be estopped from showing, as alleged in paragraph 8 of the answer, that the beauty parlor was conducted by independent contractors, and that Fantle Bros. were therefore not liable for the injury alleged to have been sustained by plaintiff. The same contention was made in Hannon v. Siegel-Cooper Co., 167 N. Y. 244, 60 N. E. 597, 52 L. R. A. 429, where defendant advertised itself as conducting a dentistry department and had a contract with a dentist to carry on the department. In approving an instruction by the trial court that, if plaintiff employed the dentist with no knowledge that the business was carried on by him individually, the jury might find defendants responsible for the acts of the dentist, even though he, as a matter of fact, was the real owner of that department of defendants' store, the Court of Appeals said: "The appellant's counsel does not deny the general doctrine that a person is estopped from denying his liability for the conduct of one whom he holds out as his agent against persons who contract with him on the faith of the apparent agency, but he insists that the doctrine does not apply to the present

case, because the action is brought in tort, and not on contract. It may very well be that where the duty, the violation of which constitutes the tort sued for, springs from no contract with, nor relation to, the principal, a party could not be estopped from denying that the wrongdoer was his agent, even though he had held him out as such. In such a case the representation of the principal would be no factor in producing the injury complained of. But, whenever the tort consists of a violation of a duty which springs from the contract between the parties, the ostensible principal should be liable to the same extent in an action ex delicto as in one ex contractu."

If appellant advertised and held itself out to the public as the proprietor of the beauty parlor, we think its patrons might naturally rely upon its reputation and business standing as assuring that good work would be done, that the implements and appliances used would be sanitary and sufficient for the purpose, and that the employees would be capable and careful. If appellant did not so hold itself out, then whether or not the relation of master and servant existed between it and Schneider would be an important issue, and the allegations as to the lease set out in paragraph 8 of the answer might constitute a defense under that issue and the demurrer to paragraph 8 should have been overruled.

In regard to the counterclaim, the alleged libelous publication was certainly connected with the subject of the action as set forth in the complaint, and was therefore a proper subject of counterclaim. The demurrer to the counterclaim should have been overruled.

The order appealed from is reversed.

POLLEY, CAMPBELL, and BURCH, JJ., concur.

SHERWOOD, P. J., absent and not sitting.