JEANNE GETLAR and Another, Plaintiffs, *v.* IRWIN RUBINSTEIN, Defendant.

Supreme Court, Trial Term, New York County, April 3, 1939.

*I. Montefiore Levy*, for the plaintiffs.

*J. J. Mahoney* [*J. A. Gleason* of counsel], for the defendant.

BERNSTEIN, J. There is evidence in the case to sustain the jury's finding that the kicking and whipping by Pfisterer of the horse on which the infant plaintiff was mounted was a willful and wanton act, for which she may recover whether she was an invitee or a mere gratuitous licensee. The only other question is whether there is evidence to support the finding that the defendant Rubinstein was responsible for Pfisterer's conduct. Because of my doubt on that question I reserved decision on the motions to dismiss and submitted the case to the jury.

A careful review of the facts submitted on the trial now satisfies me that there is evidence to sustain that finding on the theory of agency by estoppel, on which the jury was fully instructed.

The plaintiff's proof showed that the stables were on the defendant's grounds, that the riding master lived at the camp, that the horses were used by the defendant's campers under an express arrangement with Pfisterer, that the booklet issued by the defendant and received by the infant plaintiff before her arrival represented horseback riding as one of the major activities of the camp and

carried a picture of a group of riders, that there was a sign on the grounds announcing that there was horseback riding there under safe and competent instruction, that the camp director told such plaintiff that they had a very capable instructor whose charge for riding was two dollars an hour to be added to her weekly bill, and finally, that such plaintiff believed that the riding master was in the employ of the defendant and relied on it.

Such conduct on the part of the defendant, coupled with reliance thereon by the infant plaintiff to her detriment, created an apparent or ostensible agency and, if believed and accepted by the jury, sustains its finding that the defendant was liable for the negligence of Pfisterer. (*Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244; *Stevens* v. *Hulse*, 263 id. 421.)

Motion to set verdict aside and for a new trial is denied. The defendant may have thirty days' stay of execution and sixty days to make a case.