■ MARY GUNTHER et al., Respondents, v STATEN ISLAND HOSPITAL, Appellant. [640 NYS2d 601] —In an action to recover damages for medical malpractice, etc., the defendant appeals from (1) an order of the Supreme Court, Richmond County (Leone, J.), dated October 24, 1994, which denied its motion for summary judgment dismissing the complaint; and (2) an order of the same court, dated June 21, 1995, which denied its motion for reargument.

Ordered that the appeal from the order dated June 21, 1995 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated October 24, 1994 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

In 1987 the plaintiff Mary Gunther (hereinafter Gunther) was diagnosed with cervical cancer. Following a hysterectomy at the defendant Staten Island hospital (hereinafter the hospital), Gunther was referred by her physicians, including the hospital's Director of Obstetrics and Gynecology, to Dr. Aruna Patel, who maintained an office in the hospital, for internal radiation therapy. During a hospital admission in June 1987, Dr. Patel inserted a vaginal cesium implant. There-

after, Gunther made four follow-up visits to Dr. Patel at her hospital office. As a result of the cesium implant, Gunther experienced radiation burns which necessitated several additional hospitalizations.

In 1989, Gunther, along with her husband, commenced the instant medical malpractice action against the hospital. After issue was joined, the hospital moved for summary judgment dismissing the complaint arguing, *inter alia,* that Dr. Patel was an independent contractor over whom the hospital exercised no control. The Supreme Court denied the defendant's motion, as well as its later motion for reargument. We now affirm.

The defendant hospital relies upon the fact that Dr. Patel was not *its* employee. Rather, the hospital had a contract with "Staten Island Radiology, P. C.," (hereinafter SIR) and Patel functioned at the hospital pursuant to a separate contract that she had with SIR. It is undisputed that the contract between the defendant hospital and SIR is not available for review. Moreover, the written agreement between Dr. Patel and SIR provides that Dr. Patel must "abide by The Staten Island hospital Medical and Dental Staff by-laws and rules and regulations, and work cooperatively with the staff and Administration of the hospital". However, the hospital has likewise failed to produce any copy of its by-laws, rules, and regulations. This failure by the hospital to produce the two critical documents upon which it premises its freedom from liability raises a question of fact as to the degree of *actual* control exercised by it over Dr. Patel's radiology practice on its premises (*see, e.g., Matter of Messer Assocs. [Catherwood],* 33 AD2d 952, 953).

There are also questions of fact as to whether the hospital should be held liable on the ground of apparent or ostensible agency, or agency by estoppel or by holding out (*see, e.g., Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Hannon v Siegel-Cooper Co.,* 167 NY 244; *see also,* Restatement [Second] of Agency § 267; Restatement [Second] of Torts § 429). There is sufficient evidence in the record to support a conclusion that Gunther reasonably believed Dr. Patel to be an employee of the hospital (*see,. e.g., Augeri v Massoff,* 134 AD2d 307), and therefore the Supreme Court properly denied the hospital's motion for summary judgment. Copertino, J. P., Pizzuto, Friedmann and Florio, JJ., concur.