■ LEONARD KEESLER et al., Respondents, v KURT SMALL, M.D., et al., Defendants, and HUDSON VALLEY HOSPITAL CENTER, Appellant. [35 NYS3d 356]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Hudson Valley Hospital Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Lubell, J.), dated May 29, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, etc., alleging, among other things, that the defendants Kurt Small and Josephine Ratnathicam (hereinafter together the individual defendants)

negligently administered epidural anesthesia to Leonard Keesler (hereinafter the injured plaintiff) during and after a surgical procedure performed at the defendant Hudson Valley Hospital Center (hereinafter HVHC), and negligently delayed in diagnosing and treating the injured plaintiff's cauda equina syndrome. The amended bill of particulars alleges that HVHC was both vicariously liable for the acts of the individual defendants, and directly negligent with respect to the injured plaintiff's postoperative care.

Generally, a hospital may not be held liable for the acts of an anesthesiologist who was not an employee of the hospital, but was one of a group of independent contractors (see Hill v St. Clare's Hosp., 67 NY2d 72, 79 [1986]). However, vicarious liability for the medical malpractice of an independent physician may be imposed under a theory of apparent or ostensible agency (see id. at 80-81; Hannon v Siegel-Cooper Co., 167 NY 244 [1901]; King v Mitchell, 31 AD3d 958, 959 [2006]). "In order to create such apparent agency, there must be words or conduct of the principal, communicated to a third party, which give rise to the appearance and belief that the agent possesses the authority to act on behalf of the principal. The third party must reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent. Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill" (Dragotta v Southampton Hosp., 39 AD3d 697, 698 [2007]; see King v Mitchell, 31 AD3d at 959; Searle v Cayuga Med. Ctr. at Ithaca, 28 AD3d 834, 836 [2006]).

"There are two elements to such a claim of apparent or ostensible agency. To establish the 'holding out' element, the misleading words or conduct must be attributable to the principal. To establish the 'reliance' element, the third party must accept the agent's services and submit to the agent's care in reliance on the belief that the agent was an employee of the principal" (Dragotta v Southampton Hosp., 39 AD3d at 698-699). In the context of a medical malpractice action against a hospital, the patient must have reasonably believed that the physicians treating him or her were provided by the hospital or acted on the hospital's behalf (see Gunther v Staten Is. Hosp., 226 AD2d 427, 428 [1996]).

Here, in opposition to HVHC's prima facie showing of its entitlement to judgment as a matter of law dismissing so much of the complaint as alleged that it was vicariously liable for the alleged negligence of the individual defendants, the plaintiffs

raised a triable issue of fact as to whether HVHC may be held vicariously liable for the acts and omissions of the individual defendants under the doctrine of apparent or ostensible agency (*see Loaiza v Lam*, 107 AD3d 951, 953 [2013]; *Sosnoff v Jackman*, 45 AD3d 568, 571 [2007]; *Dragotta v Southampton Hosp.*, 39 AD3d at 699; *Gunther v Staten Is. Hosp.*, 226 AD2d at 428). Accordingly, that branch of HVHC's motion which was for summary judgment dismissing so much of the complaint as alleged that it was vicariously liable for the alleged negligence of the individual defendants was properly denied.

We reach the same conclusion with respect to so much of the complaint as alleged direct negligence and malpractice against HVHC and its staff. "In an action sounding in medical malpractice, a defendant moving for summary judgment must make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (*Matos v Khan*, 119 AD3d 909, 910 [2014]; *see Poter v Adams*, 104 AD3d 925, 926 [2013]). Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden (*see Poter v Adams*, 104 AD3d at 926; *Stukas v Streiter*, 83 AD3d 18, 23-24 [2011]).

Here, HVHC demonstrated its prima facie entitlement to judgment as a matter of law with respect to direct liability by submitting the affirmation of its expert, who opined that the postoperative care by HVHC staff was not a proximate cause of the injured plaintiff's injuries, since the injuries occurred in the course of the administration of anesthesia during surgery and were complete by the time HVHC staff administered postoperative care. In opposition, however, the plaintiffs raised a triable issue of fact with the affirmation of their expert. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (*Feinberg v Feit*, 23 AD3d 517, 519 [2005]; *see Bengston v Wang*, 41 AD3d 625 [2007]).

Accordingly, the Supreme Court also properly denied that branch of HVHC's motion which was for summary judgment dismissing so much of the complaint as alleged direct negligence and malpractice against HVHC and its staff. Chambers, J.P., Hall, Austin and LaSalle, JJ., concur.