Kovacic v Griffin (2019 NY Slip Op 02326)





Kovacic v Griffin


2019 NY Slip Op 02326


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-07683
 (Index No. 29337/09)

[*1]Barbara Kovacic, etc., et al., respondents, 
v
Todd R. Griffin, etc., et al., appellants, et al., defendant.


Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for appellant Todd R. Griffin.
Simmons Jannace DeLuca, LLP, Hauppauge, NY (William T. Collins III of counsel), for appellant Lauri E. Budnick.
Brown Gruttadaro Gaujean Prato, PLLC, White Plains, NY (Bridget K. Dahle and Katherine W. Dandy of counsel), for appellants University Associates in Obstetrics & Gynecology, University Faculty Practice Corporation and J. Gerald Quirk.
Barasch McGarry Salzman & Penson, New York, NY (Dana Cutting and Dominique Penson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the defendant Todd R. Griffin, the defendant Lauri E. Budnick, and the defendants University Associates in Obstetrics & Gynecology, University Faculty Practice Corporation and J. Gerald Quirk separately appeal from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated May 24, 2016. The order denied those defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.
The plaintiffs commenced this action to recover damages for medical malpractice and lack of informed consent arising out of prenatal care received by the plaintiff mother and the subsequent labor and delivery of the infant plaintiff. The plaintiff mother's prenatal care was overseen by, among others, the defendant J. Gerald Quirk, who was employed by the defendant University Associates in Obstetrics & Gynecology, University Faculty Practice Corporation (hereinafter together the University defendants). The infant plaintiff was delivered at Stony Brook University Hospital (hereinafter the hospital) on August 18, 2007. When the plaintiff mother arrived at the hospital, her care was supervised by the defendant Laurie E. Budnick; the delivery took place shortly after Budnick's shift ended and the defendant Todd R. Griffin's shift began. Griffin, Budnick, and the University defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court denied the separate motions, and those defendants appeal.
Griffin, Budnick, and the University defendants each met their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting affirmations from experts who asserted that the defendant physicians acted in accordance with good and accepted medical practice and did not deviate from the proper standard of care in the treatment they rendered to the plaintiffs. However, in opposition, the plaintiffs submitted an expert affidavit from a physician who was board certified in obstetrics and gynecology who opined that each of the defendant physicians departed from good and accepted practice in their treatment of the plaintiff mother during the prenatal care period and the ensuing labor and delivery of the infant plaintiff. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519; see Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 618), since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Guctas v Pessolano, 132 AD3d 632, 633). In light of the conflicting expert opinions submitted here, we agree with the Supreme Court's denial of the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them (see Cummings v Brooklyn Hosp. Ctr., 147 AD3d 902, 904; Keesler v Small, 140 AD3d 1021, 1023).
The defendants' remaining contentions are without merit.
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court