| Sampson v Dental Specialty Assoc., P.C. |
|---|
| 2025 NY Slip Op 30396(U) |
| January 29, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 515154/2020 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

> At Part 80 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, New York, on the 29th day of January 2025.

P R E S E N T :

Hon. Genine D. Edwards, Justice

------------------------------------------------------------------------x

DARRAN SAMPSON,

                            Plaintiff,                    Index No. 515154/2020

                    -against-

DENTAL SPECIALTY ASSOCIATES, P.C. and ABIOLA
ABIDEMI SADIQ, D.D.S.,

                            Defendants.

------------------------------------------------------------------------x

The following e-filed papers read herein:                    NYSCEF Nos.:

Notice of Motion, Affirmation, and Exhibits...............................................64-78
Affirmation in Opposition, Notice of Cross Motion, Affirmation, and Exhibits.........82-94
Affirmation in Reply and Affirmation in Opposition to Cross-Motion...................101-102
Affirmation in Reply to Cross-Motion.......................................................104

In this action for dental malpractice, and lack of informed consent, Dental Specialty Associates, P.C. ("DSA") moved for summary judgment pursuant to CPLR §3212, seeking dismissal of all claims against it regarding treatment rendered on August 2, 2019. Specifically, DSA alleged that it is not vicariously liable for Abiola Abidemi Sadiq, D.D.S. ("Dr. Sadiq"), and that all treatment and care rendered was at the sole discretion of Dr. Sadiq. DSA further argued that the Amended Bill of Particulars indicated that DSA is not alleged to be vicariously liable for the acts of others. Darran Sampson ("plaintiff") opposed the motion and cross-moved to amend his Bill of Particulars to reflect "Defendant is alleged to be vicariously liable for the actions of Abiola Abidemi Sadiq DDS."

[* 1]

## FACTS

Plaintiff presented to DSA on August 2, 2019, complaining of tooth pain described as a shooting pain that extended down to his gum and cheek. Dr. Linh Nguyen, D.D.S. referred plaintiff for an extraction of the lower right wisdom tooth, tooth #32. An examination was performed and Dr. Sadiq, who was associated with DSA from 2018 to 2020, noted gross decay to tooth #32. Plaintiff testified and his dental records verified that he was missing teeth immediately adjacent to tooth #32. He completed and executed several dental forms. The forms annexed to DSA's motion as "Records of DENTAL SPECIALTY," all note "Dental Specialty Associates" in the header, except for the document entitled "Consent for Two-Stage Osseousintegrated Implant Surgery." Plaintiff testified that he was given medication which caused him to fall sleep and numbed his mouth. Dr. Sadiq testified that she extracted tooth #32 and placed an implant at site #29. Dr. Sadiq further testified that an implant at site #30 was attempted but was unsuccessful, due to a narrow ridge. Instead, Dr. Sadiq installed a bone graft, and an implant would be installed in four months. Plaintiff testified that he awoke disoriented and felt pain and pressure. He was discharged the same day with prescriptions for Amoxicillin and Motrin. After a couple of weeks, plaintiff still felt pain from the oral surgery and subsequently saw non-party Dr. Buchbinder, who removed the implant at site #29. Plaintiff never returned to Dr. Sadiq or DSA.

## LAW

The elements of a medical malpractice claim are a deviation or departure from accepted practice and evidence that such a departure was the proximate cause of injury or damage. *McHale v. Sweet*, 217 A.D.3d 666, 190 N.Y.S.3d 438 (2d Dept. 2023). A defendant's negligence is the proximate cause when it is a substantial factor in producing the injury. *Templeton v. Papathomas*, 208 A.D.3d 1268, 175 N.Y.S.3d 544 (2d Dept. 2022).

Generally, a hospital cannot be held vicariously liable for the malpractice of a private attending physician who is not its employee. *Khutoryanskaya v. Laser & MicroSurgery, P.C.*, 222 A.D.3d 633, 201 N.Y.S.3d 177 (2d Dept. 2023). Vicarious liability for the medical malpractice of an independent, private attending physician may be imposed under a theory of apparent or ostensible agency by estoppel. *Id.; Dragotta v. Southampton Hosp.*, 39 A.D.3d 697, 833 N.Y.S.2d 638 (2d. Dept. 2007); *Weiszberger v. KCM Therapy*, 189 A.D.3d 1121, 137 N.Y.S.3d 53 (2d Dept 2020); *see also Keesler v. Small*, 140 A.D.3d 1021, 35 N.Y.S.3d 356 (2d Dept. 2016); *Sampson v. Contillo*, 55 A.D.3d 588, 865 N.Y.S.2d 634 (2d Dept. 2008). To establish vicarious liability under this theory, "'[t]he third party must reasonably rely on the appearance of authority, based on some misleading words or conduct by the principal, not the agent.'" *Keesler*, 140 A.D.3d 1021, *quoting Dragotta*, 39 A.D.3d 697; *see also Sampson*, 55 A.D.3d 588. "Moreover, the third party must accept the services of the agent in reliance upon the perceived relationship between the agent and the principal, and not in reliance on the agent's skill." *Dragotta*, 39 A.D.3d 697; *see also Keesler*, 140 A.D.3d 1021; *Sampson*, 55 A.D.3d 588. "In the context of a medical malpractice action, the patient must have reasonably believed that the physicians treating him or her were provided by the hospital or acted on the hospital's behalf." *Keesler*, 140 A.D.3d 1021, 35 N.Y.S.3d 356; *see also Sampson*, 55 A.D.3d 588, 865 N.Y.S.2d 634; *Dragotta*, 39 A.D.3d 697, 833 N.Y.S.2d 638.

In a claim for lack of informed consent, a defendant can establish entitlement to summary judgment by demonstrating that the plaintiff gave consent after being fully apprised of the benefits, alternatives and foreseeable risks; that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery; and that the actual procedure performed was not a proximate cause of the injury. *Pirri-Logan v. Pearl*, 192 A.D.3d 1149, 145 N.Y.S.3d 545 (2d Dept. 2021).

[* 3]

Summary judgment is warranted where the movant can demonstrate the absence of any relevant material issue of fact, and therefore is entitled to judgment as a matter of law. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986); *see Winegrad v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 487 N.Y.S.2d 316 (1985). "When moving for summary judgment, a defendant…must establish the absence of any departure from good and accepted medical practice or that…plaintiff was not injured thereby." *Barnaman v. Bishop Hucles Episcopal Nursing Home*, 213 A.D.3d 896, 184 N.Y.S.3d 800 (2d Dept. 2023). To sustain this burden, a defendant "must address and rebut any specific allegations of malpractice set forth in plaintiff's bill of particulars." *D.S. v. Poliseno*, 189 A.D.3d 1102, 133 N.Y.S.3d 831 (2d Dept. 2020). In opposition, the plaintiff must "raise a triable issue of fact regarding the element or elements on which defendant has made its prima facie showing." *G.M.C. v. O'Sullivan*, 197 A.D.3d 1230, 153 N.Y.S.3d 565 (2d Dept. 2021). To do so, plaintiff must submit the affidavit of a physician attesting to a departure from good and accepted practice, and stating the physician's opinion that the alleged departure was a competent producing cause of plaintiff's injuries. *Larcy v. Kamler*, 185 A.D.3d 564, 127 N.Y.S.3d 122 (2d Dept. 2020).

Leave to amend a bill of particulars is ordinarily freely given in the absence of prejudice or surprise, but once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances. *Lorincz v. Castellano*, 208 A.D.3d 573, 172 N.Y.S.3d 735 (2d Dept. 2022).

## ANALYSIS

DSA failed to meet its prima facie burden as triable issues of fact exist regarding plaintiff's lack of informed consent claim. Moreover, DSA's argument that it was not vicariously liable for

[* 4]

Dr. Sadiq is unavailing. Plaintiff was referred to DSA for an extraction of tooth #32, and the referral did not reference the placement of implants or a specific oral surgeon. It is undisputed that Dr. Sadiq was employed by DSA, that DSA assigned Dr. Sadiq to treat plaintiff, and that almost all of the dental forms that plaintiff signed indicated "Dental Specialty Associates" as part of the header. Specifically, the documents entitled "Consent for Surgical Treatment," and "Consent for Anesthesia" expressly reflect "Dental Specialty Associates." In fact, plaintiff testified that Dr. Sadiq specifically identified herself as DSA personnel and that he received his treatment plan from a person named "Cat," who was identified as the Practice Manager at DSA. Plaintiff could have reasonably believed that Dr. Sadiq was performing the surgery as an agent of DSA and DSA cannot claim that care and treatment was performed solely by the treating dentist.

Turning to plaintiff's cross-motion to amend the underlying bill of particulars, plaintiff annexed a copy of the original Verified Bill of Particulars, served on May 11, 2021, which included the allegation that DSA was vicariously liable for the actions of Dr. Sadiq. Plaintiff asserted that law office error resulted in the filing of an incorrect Amended Bill of Particulars. Specifically, the first five demands for both DSA and Dr. Sadiq are the same, and plaintiff argued that the commonality in questions caused office personnel to copy the answers in response to the demands of Dr. Sadiq and mistakenly present them as responses to the demands of DSA. Plaintiff pointed out that the mistakenly served Amended Verified Bill of Particulars as to DSA alleged that "defendant, his agents, servants and/or employees were negligent and guilty of dental malpractice." Given the prior notice of a vicarious liability claim, Dr. Sadiq's testimony that she worked for DSA, and plaintiff's allegation that DSA's agents "were negligent and guilty of dental malpractice" in the mistakenly served document, there is no prejudice in allowing plaintiff to amend the Bill of Particulars to include a claim for vicarious liability.

[* 5]

Accordingly, it is

ORDERED that the defendant's motion is denied, and it is further

ORDERED that plaintiff's cross-motion to amend the bill of particulars to reflect "Defendant is alleged to be vicariously liable for the actions of Abiola Abidemi Sadiq DDS" is granted, and it is further

ORDERED that plaintiff's counsel is directed to electronically serve a copy of this decision/order with notice of entry upon the defendants' respective counsel and to electronically file an affidavit of service with the Kings County Clerk, and it is further

ORDERED that the parties shall appear for an Alternative Dispute Resolution conference on April 30, 2025, at 10AM.

This constitutes the Decision and Order of this Court.

For Clerks use only
MG___
MD___
Motion Seq.#: 1, 2

ENTER

J.S.C.

Hon. Genine D. Edwards
Administrative Judge

[* 6]