Pirri-Logan v Pearl (2021 NY Slip Op 02001)





Pirri-Logan v Pearl


2021 NY Slip Op 02001


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2018-03926 
2018-11928
 (Index No. 67308/14)

[*1]Christina Pirri-Logan, et al., appellants,
v
Michael Pearl, etc., respondent.


Bacotti, Eisig & Spitz, LLP, Melville, NY (Christopher A. Bacotti of counsel), for appellants.
Kaufman Borgeest & Ryan, LLP, Garden City, NY (Jacqueline Mandell and Jason D. Lewis of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 25, 2018, and (2) an order of the same court dated September 18, 2018. The order dated January 25, 2018, granted the defendant's motion for summary judgment dismissing the complaint. The order dated September 18, 2018, denied the motion of the plaintiff Christina Pirri-Logan and the separate motion of the plaintiff Scott Logan for leave to renew and reargue their opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from so much of the order dated September 18, 2018, as denied those branches of the plaintiffs' separate motions which were for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 25, 2018, is affirmed; and it is further,
ORDERED that the order dated September 18, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is award to the defendant.
The plaintiff Christina Pirri-Logan (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action, inter alia, to recover damages for medical malpractice and lack of informed consent against the defendant Michael Pearl, a gynecologic oncologist, arising from total abdominal hysterectomy and bilateral salpingo-oophorectomy (hereinafter TAH-BSO) surgery that the defendant performed on the injured plaintiff on March 5, 2013. The complaint, as amplified by the bills of particulars, alleged, inter alia, that the defendant had failed to take a proper history, ignored the injured plaintiff's prior medical history, performed an unnecessary TAH-BSO, performed a TAH-BSO despite negative findings of malignancy or growth, failed to refer the injured plaintiff to appropriate specialists including fertility and mental health professionals prior to surgery, failed to skillfully perform the surgery, failed to obtain proper informed consent, failed to offer the injured plaintiff a reasonable alternative including not having surgery, and failed to heed the injured [*2]plaintiff's express wishes and the limitations she placed on her consent.
Following discovery, the defendant moved for summary judgment dismissing the complaint. In an order dated January 25, 2018, the Supreme Court granted the motion. The plaintiffs separately moved for leave to renew and reargue their opposition to the defendant's motion, and in an order dated September 18, 2018, the Supreme Court denied the motions. The plaintiffs appeal from both orders.
"In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Kogan v Bizekis, 180 AD3d 659, 660). "'In order to sustain this prima facie burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's complaint and bill of particulars'" (id. at 660, quoting Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations (see DiLorenzo v Zaso, 148 AD3d 1111, 1112). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519). "General and conclusory allegations of medical malpractice, however, unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat a defendant physician's summary judgment motion" (Myers v Ferrara, 56 AD3d 78, 84).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged medical malpractice by submitting an expert affirmation. The affirmation set forth a detailed account of the injured plaintiff's medical records, including the defendant's operative report. The defendant's expert opined that the March 5, 2013, surgery did not depart from good and accepted standards of medical practice and was not a proximate cause of the injured plaintiff's injuries, and he specifically rebutted each allegation made in the plaintiffs' bills of particulars (see Gilmore v Mihail, 174 AD3d 686, 687; Khosrova v Westermann, 109 AD3d 965, 966; Andreoni v Richmond, 82 AD3d 1139, 1139). In opposition, the affirmation of the plaintiffs' expert failed to raise a triable issue of fact because the affirmation was conclusory and speculative, and failed to address the specific assertions made by the defendant's expert (see Gilmore v Mihail, 174 AD3d at 687-688). Thus, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged medical malpractice.
"To establish a cause of action for malpractice based on lack of informed consent, plaintiff must prove (1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury" (Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d 939, 941-942 [internal quotation marks omitted]; see Public Health Law § 2805-d). While the signing of a generic consent form by the plaintiff does not establish that a defendant is entitled to summary judgment (see Godel v Benjy Goldstein & George Freud, D.D.S., PLLC, 155 AD3d at 942), a defendant can establish entitlement to summary judgment by demonstrating that the plaintiff signed a detailed consent form after being apprised of alternatives and foreseeable risks, by demonstrating that a reasonably prudent person in the plaintiff's position would not have declined to undergo the surgery, or by demonstrating that the actual procedure performed for which there was no informed consent was not a proximate cause of the injury (see Gilmore v Mihail, 174 AD3d at 688; Khosrova v Westermann, 109 AD3d at 967; Johnson v Staten Is. Med. Group, 82 AD3d 708, 709-710).
Here, the defendant established his prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as alleged lack of informed consent by submitting an expert affirmation, the parties' deposition testimonies, and the injured plaintiff's signed consent form. Through the deposition testimonies and signed consent form, the defendant demonstrated that [*3]the injured plaintiff had signed a consent form which stated, inter alia, that she had been informed about the proposed surgical procedure, and the alternatives thereto, as well as the reasonably foreseeable risks and benefits (see Khosrova v Westermann, 109 AD3d at 967; Johnson v Staten Is. Med. Group, 82 AD3d at 709). Further, through the expert affirmation, the defendant demonstrated that a reasonably prudent person in the injured plaintiff's position would not have declined to undergo the surgery, and that the surgery did not proximately cause the injured plaintiff's injuries (see Gilmore v Mihail, 174 AD3d at 688; Johnson v Staten Is. Med. Group, 82 AD3d at 709). In opposition, the plaintiffs' expert affirmation failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing so much of the complaint as alleged lack of informed consent.
The Supreme Court also properly denied those branches of the plaintiffs' separate motions which were for leave to renew, as they failed to present any new facts that would change the prior determination (see Matter of Allstate Ins. Co. v Robinson, 188 AD3d 1186).
The parties' remaining contentions either are improperly raised for the first time on appeal or need not be reached in light of our determination.
DILLON, J.P., AUSTIN, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court