Audette v Toussaint-Milord (2022 NY Slip Op 00298)





Audette v Toussaint-Milord


2022 NY Slip Op 00298


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-05558
 (Index No. 513797/16)

[*1]Jeannine Audette, appellant, 
v
Mary Toussaint-Milord, etc., et al., respondents.


Krentsel Guzman Herbert, LLP, New York, NY (Marcia Raicus of counsel), for appellant.
Martin Clearwater & Bell LLP, New York, NY (Barbara D. Goldberg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated March 22, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against the defendants Mary Toussaint-Milord and Brookdale Hospital Medical Center.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 29, 2014, the plaintiff gave birth, preterm, to a child at the defendant Brookdale Hospital Medical Center (hereinafter the hospital). The defendant Mary Toussaint-Milord, an obstetrician/gynecologist, assisted in the delivery of the child and the subsequent delivery of the seemingly complete placenta. After the delivery, the plaintiff did not permit Toussaint-Milord or nurses to examine her uterus. In the early morning of October 1, 2014, the plaintiff left the hospital against medical advice. She returned to the hospital on October 15, 2014, with complaints of heavy vaginal bleeding for five days. The plaintiff was diagnosed with placenta increta, meaning that retained placenta tissue grew into the myometrium of the uterine wall, and underwent a hysterectomy.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against Toussaint-Milord, the hospital, and another defendant, alleging, as relevant here, that the defendants were negligent in failing to properly deliver her placenta and allowing the "placenta to remain implanted" after the delivery. The defendants moved for summary judgment dismissing the complaint. In an order dated March 22, 2019, the Supreme Court, among other things, granted that branch of the defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against Toussaint-Milord and the hospital. The plaintiff appeals.
"In order to establish the liability of a physician for medical malpractice, a plaintiff must prove that the physician deviated or departed from accepted community standards of practice, [*2]and that such departure was a proximate cause of the plaintiff's injuries" (Stukas v Streiter, 83 AD3d 18, 23; see Hutchinson v New York City Health & Hosps. Corp., 172 AD3d 1037, 1039). "'A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries'" (Agostini v Varughese, 190 AD3d 799, 800, quoting M.C. v Huntington Hosp., 175 AD3d 578, 579). Where a defendant meets its prima facie burden as to both elements of a medical malpractice cause of action, "the burden shifts to the plaintiff to rebut the defendant's showing by raising a triable issue of fact as to both the departure element and the causation element" (Stukas v Streiter, 83 AD3d at 25; see Simpson v Edghill, 169 AD3d 737, 738). "Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d 954, 955 [citation omitted]). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Scopelliti v Westmed Med. Group, 193 AD3d 1009, 1010-1011 [internal quotation marks omitted]). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Wagner v Parker, 172 AD3d at 955 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the medical malpractice cause of action insofar as asserted against Toussaint-Milord and the hospital through the submission of deposition testimony, medical records, and the detailed expert affirmation of a physician board certified in obstetrics and gynecology. These submissions demonstrated that the hospital and Toussaint-Milord did not depart from the applicable standard of care, and that, in any event, any alleged departure was not a proximate cause of the plaintiff's injuries (see Elstein v Hammer, 192 AD3d 1075, 1077; M.C. v Huntington Hosp., 175 AD3d at 579-580; Simpson v Edghill, 169 AD3d at 738). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's expert did not address specific assertions made by the defendants' expert and was otherwise conclusory and unsupported by the record (see Choida v Schirripa, 188 AD3d 978, 980; Wagner v Parker, 172 AD3d at 955).
In light of our determination, the defendants' remaining contention need not be reached.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the medical malpractice cause of action insofar as asserted against Toussaint-Milord and the hospital.
RIVERA, J.P., HINDS-RADIX, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court