Hanna v Staten Is. Univ. Hosp. (2024 NY Slip Op 05435)

Hanna v Staten Is. Univ. Hosp.

2024 NY Slip Op 05435

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-08798
 (Index No. 150338/18)

[*1]Valentina Hanna, etc., appellant, 
v
Staten Island University Hospital, respondent.

Efrom J. Gross, West Hempstead, NY, for appellant.
Vigorito, Barker, Patterson, Nichols and Porter, LLP, Valhalla, NY (Leilani J. Rodriguez of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated October 3, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff, as administrator of the estate of Antonia Kuzmenko (hereinafter the decedent), commenced this action to recover damages for medical malpractice. The plaintiff alleged that the defendant (hereinafter the hospital) was negligent in its care and treatment of the decedent in that the hospital's personnel failed to timely diagnose and treat a stroke, resulting in serious injuries. Following the completion of discovery, the hospital moved for summary judgment dismissing the complaint. By order dated October 3, 2022, the Supreme Court granted the motion.
On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the alleged injuries (see Revellino v Haimovic, 216 AD3d 687, 688; Pirri-Logan v Pearl, 192 AD3d 1149, 1150). If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of proof (see Revellino v Haimovic, 216 AD3d at 688; Sheppard v Brookhaven Mem. Hosp. Med. Ctr., 171 AD3d 1234, 1235). "Generally, summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Revellino v Haimovic, 216 AD3d at 688; see Feinberg v Feit, 23 AD3d 517, 519).
Here, the hospital's expert, an emergency medicine physician, opined, inter alia, that based upon his review of the medical records, the deposition testimony, and the pleadings, the hospital did not depart from good and accepted medical practice in its care and treatment of the decedent and that the hospital's care and treatment of the decedent did not proximately cause her alleged injuries. The hospital's expert opined, among other things, that the hospital's personnel properly obtained the decedent's medical history and properly evaluated her. The hospital's expert further opined that even if the stroke had been diagnosed earlier, the use of a medication known as tPA would not have been effective due to the time frame in which it can be administered and due [*2]to the decedent's history of a brain mass, which was a "relative contraindication" to the use of tPA. The hospital thereby established its prima facie entitlement to judgment as a matter of law dismissing the complaint (see Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751, 752; Revellino v Haimovic, 216 AD3d at 688).
In opposition to the hospital's prima facie showing, however, the plaintiff raised triable issues of fact as to whether the hospital departed from good and accepted medical practice and whether such departures proximately caused the decedent's alleged injuries. Where a plaintiff in a medical malpractice action alleges a failure to timely diagnose a condition, the plaintiff must show that the departures from the standard of care delayed diagnosis and decreased the chances of a better outcome or increased the injury (see Paglinawan v Ing-Yann Jeng, 211 AD3d 743, 745; Maestri v Pasha, 198 AD3d 632, 635; Neyman v Doshi Diagnostic Imaging Servs., P.C., 153 AD3d 538, 546). The plaintiff submitted an affirmation of an emergency medicine physician who opined, inter alia, that the hospital's staff failed to take a thorough history of the decedent's symptoms and failed to provide an interpreter for that purpose in contravention of the applicable standard of care. The plaintiff also submitted an affirmation of a radiologist, who opined that a CT scan of the decedent's brain performed on the day that the decedent presented to the hospital showed an infarct and that the hospital's radiologist had failed to recognize this evidence of a stroke. The plaintiff's emergency medicine expert opined that had the decedent been properly and timely diagnosed, treatment options were available, including the possible administration of tPA or the use of certain other medications.
Under these circumstances, the plaintiff raised triable issues of fact as to whether there was a departure from the standard of care and whether such departure decreased the chances of a better outcome or increased the decedent's injuries (see Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751; Revellino v Haimovic, 216 AD3d 687, 688). Therefore, the Supreme Court should have denied the hospital's motion for summary judgment dismissing the complaint.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court