E.G. v Alzoobaee (2025 NY Slip Op 02321)

E.G. v Alzoobaee

2025 NY Slip Op 02321

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LILLIAN WAN, JJ.

2020-07072
 (Index No. 8988/14)

[*1]E.G., etc., appellant, 
v
Faiz O. Alzoobaee, etc., et al., respondents.

Kahn, Gordon, Timko & Rodriques, P.C. (Law Offices of James Trainor, P.C., New York, NY, of counsel), for appellant.
Benvenuto & Gaujean (Max G. Gaujean and Lewis Brisbois Bisgaard & Smith, New York, NY [Nicholas Hurzeler], of counsel), for respondent Faiz O. Alzoobaee.
Silverson, Pareres & Lombardi, LLP, White Plains, NY (Sarah E. Phillips of counsel), for respondent Abraham Jelin.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom of counsel), for respondent Brooklyn Hospital Center.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 29, 2020. The order, insofar as appealed from, granted those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents.
In 2013, the plaintiff, an infant, suffered liver failure, necessitating a liver transplant. The plaintiff, by his father and natural guardian, subsequently commenced this action, alleging, inter alia, medical malpractice against Faiz O. Alzoobaee, the plaintiff's pediatrician; Abraham Jelin, a pediatric gastroenterologist who treated the plaintiff; and Brooklyn Hospital Center. The plaintiff alleged that the defendants failed to diagnose and treat his liver failure, resulting in the need for the liver transplant. The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' separate motions. The plaintiff appeals from so much of the order as granted those branches of the defendants' respective motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them.
The Supreme Court did not err in granting those branches of the defendants' respective motions which were for summary judgment dismissing the medical malpractice cause of action insofar as asserted against each of them. The defendants each established their prima facie entitlement to judgment as a matter of law by submitting detailed expert affirmations. Each of the [*2]experts opined that the respective defendant's treatment of the plaintiff did not depart from the applicable standard of care and was not a proximate cause of the plaintiff's injuries (see Pirri-Logan v Pearl, 192 AD3d 1149, 1151; Agostini v Varughese, 190 AD3d 799, 801; Senatore v Epstein, 128 AD3d 794, 796). Each of the experts rebutted the specific allegations of malpractice made in the plaintiff's bills of particulars (see Prunty v Mehta, 223 AD3d 760, 761; Pirri-Logan v Pearl, 192 AD3d at 1151; Schuck v Stony Brook Surgical Assoc., 140 AD3d 725, 726).
In opposition to the defendants' respective prima facie showings, the plaintiff failed to raise a triable issue of fact as to the issue of proximate causation. Although conflicting expert opinions may raise credibility issues which can only be resolved by a jury, expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact (see Rybek v New York City Health & Hosps. Corp., 228 AD3d 968, 969; Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666; Audette v Toussaint-Milord, 201 AD3d 779, 781). In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record (see Kunwar v Northwell Health, 229 AD3d 528, 532; Rybek v New York City Health & Hosps. Corp., 228 AD3d at 969; Incorporated Vil. of Freeport v Albrecht, Viggiano, Zurich & Co., P.C., 226 AD3d 658). Here, the plaintiff's expert failed to address the assertions of the defendants' experts that no action by the defendants could have prevented the plaintiff's need for a liver transplant. The plaintiff failed to present evidence from which a jury could infer that the defendants' conduct diminished the plaintiff's chance of a better outcome or increased his injury (see Molina v Goldberg, 231 AD3d 46, 50-51; Grullon v Thoracic Surgical, P.C., 208 AD3d 1163, 1164; Walsh v Akhund, 198 AD3d 1010, 1012). Because the affirmation of the plaintiff's expert was conclusory, speculative, and failed to address specific assertions made by the defendants' experts, the affirmation was insufficient to raise a triable issue of fact. Thus, the Supreme Court properly granted those branches of the defendants' motions which were for summary judgment dismissing the cause of action alleging medical malpractice insofar as asserted against each of them (see Pirri-Logan v Pearl, 192 AD3d at 1151).
The Supreme Court correctly declined to consider the plaintiff's theory, raised for the first time in opposition to the defendants' motions for summary judgment, that the defendants failed to diagnose and treat the plaintiff for a urinary tract infection. This theory was not readily discernable from the allegations in the plaintiff's bills of particulars, and it was thus a new theory of liability that the court properly declined to consider (see Iodice v Giordano, 170 AD3d 971, 972).
CONNOLLY, J.P., GENOVESI, CHAMBERS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court