Lowry v McPherson (2026 NY Slip Op 00124)

Lowry v McPherson

2026 NY Slip Op 00124

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-06121
2023-00510
 (Index No. 510998/18)

[*1]Jeanette Lowry, etc., et al., appellants,
vPhilip McPherson, etc., et al., respondents.

Harris Keenan & Goldfarb PLLC, New York, NY (Stephen S. LaRocca and Jason Kaufer of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner and Alejandra R. Gil of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated July 7, 2022, and (2) a judgment of the same court dated November 14, 2022. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The plaintiffs, as co-administrators of the decedent's estate, commenced this action against the defendants, inter alia, to recover damages for medical malpractice allegedly occurring over the course of two emergency room visits in September 2016. The defendants moved for summary judgment dismissing the complaint. In an order dated July 7, 2022, the Supreme Court granted the motion. Thereafter, the court issued a judgment dated November 14, 2022, upon the order, in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Hiltz v DiLorenzo, 206 AD3d 631, 633 [internal quotation marks omitted]; see Pirri-Logan v Pearl, 192 AD3d 1149, 1151; [*2]Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585). "Once this showing has been made, the burden shifts to the plaintiff to rebut the defendant's prima facie showing with evidentiary facts or materials so as to demonstrate the existence of a triable issue of fact" (Hiltz v DiLorenzo, 206 AD3d at 633 [internal quotation marks omitted]; see Chillious v Edouard, 234 AD3d 737, 739). "'To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations'" (Avgi v Policha, 232 AD3d 838, 839, quoting Pirri-Logan v Pearl, 192 AD3d at 1150). "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field . . . the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Abruzzi v Maller, 221 AD3d 753, 756 [internal quotation marks omitted]; see Quinones v Winthrop Univ. Hosp., 230 AD3d 1170, 1172). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (DiLorenzo v Zaso, 148 AD3d 1111, 1113 [internal quotation marks omitted]; see Hannen v Nici, 230 AD3d 1118, 1120). "Where no such foundation is laid, the expert's opinion is of no probative value, and is therefore insufficient to meet a party's burden on a summary judgment motion" (Laughtman v Long Is. Jewish Val. Stream, 192 AD3d 677, 678; see Montanari v Lorber, 200 AD3d 676, 681).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, a detailed affirmation of their emergency medicine expert. The expert opined, based on his review of the medical records, that the medical treatment, evaluations, tests, and exams conducted by the defendants were in accordance with the accepted standard of care (see Quinones v Winthrop Univ. Hosp., 230 AD3d at 1172; Messeroux v Maimonides Med. Ctr., 181 AD3d at 585).
In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs submitted an affirmation of a physician specializing in vascular surgery that failed to lay a proper foundation to support the reliability of his opinions rendered related to emergency medicine (see Hannen v Nici, 230 AD3d at 1120). The affirmation did not indicate that the physician had training in emergency medicine or what, if anything, the physician did to become familiar with the standard of care for that speciality (see id.; Montanari v Lorber, 200 AD3d at 681; Galluccio v Grossman, 161 AD3d 1049, 1052). The plaintiffs' expert's opinion, therefore, lacked probative value and was insufficient to overcome the defendants' prima facie showing. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., GENOVESI, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court