Anderson v Israel

2026 NY Slip Op 01933

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Nataizia Anderson, etc., appellant,

v

Robert Israel, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2021-05059, (Index No. 15418/09)

Betsy Barros, J.P.

Linda Christopher

Barry E. Warhit

Helen Voutsinas, JJ.

Goldstein & Goldstein, P.C., Brooklyn, NY (Benjamin S. Goldstein of counsel), for appellant.

Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Stacy Fitzmaurice and Christopher Simone of counsel), for respondent Robert Israel.

Aaronson, Rappaport, Feinstein & Deutsch, LLP, New York, NY (Deirdre E. Tracey of counsel), for respondent NYU Hospitals Center.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated June 15, 2021. The order granted the separate motions of the defendants Robert Israel and NYU Hospitals Center for summary judgment dismissing the complaint insofar as asserted against each of them.

ORDERED that the order is affirmed, with one bill of costs.

The plaintiff's decedent underwent elective arthroscopic knee surgery on December 15, 2008, performed by the defendant Robert Israel at the defendant NYU Hospitals Center (hereinafter NYU, and together with Israel the defendants), and was discharged the same day. The decedent presented to the emergency department of Kings County Hospital on December 26, 2008, complaining of shortness of breath that began one day earlier. The decedent was admitted to that hospital with a diagnosis of pneumonia and was released on February 9, 2009. The decedent passed away in 2016 and there is no claim for wrongful death.

Prior to her death, the decedent commenced this action against, among others, the defendants, inter alia, to recover damages for medical malpractice, alleging, among other things, that the elective arthroscopic knee surgery should not have been performed, that the surgery was not performed under the specifications recommended by the decedent's cardiologist, that the decedent was prematurely discharged after the surgery, and that Israel failed to provide proper follow-up care. Israel and NYU separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated June 15, 2021, the Supreme Court granted the defendants' separate motions. The plaintiff appeals.

"A defendant seeking summary judgment in a medical malpractice action must make a prima facie showing either that he or she did not depart from the accepted standard of care or that any departure was not a proximate cause of the plaintiff's injuries" (Hiltz v DiLorenzo, 206 AD3d [*2]631, 633 [internal quotation marks omitted]; see Mattocks v Ellant, 231 AD3d 813, 815; Pirri-Logan v Pearl, 192 AD3d 1149, 1151). "Once the defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's prima facie showing" (Chillious v Edouard, 234 AD3d 737, 739 [internal quotation marks omitted]; see Hiltz v DiLorenzo, 206 AD3d at 633). "'To rebut the defendant's prima facie showing, a plaintiff must submit an expert opinion that specifically addresses the defense expert's allegations'" (Mattocks v Ellant, 231 AD3d at 816, quoting Pirri-Logan v Pearl, 192 AD3d at 1150). "'General allegations that are conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice are insufficient to defeat a defendant's motion for summary judgment'" (Kerrins v South Nassau Communities Hosp., 148 AD3d 795, 796, quoting Bezerman v Bailine, 95 AD3d 1153, 1154; see Messeroux v Maimonides Med. Ctr., 181 AD3d 583, 585).

Contrary to the plaintiff's contention, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them through, inter alia, expert affidavits in which an orthopedic surgeon, anesthesiologist, and infectious disease specialist opined that the defendants' treatment of the decedent was within the accepted standard of care and that, in any event, any alleged departures were not a proximate cause of the decedent's injuries (see Mattocks v Ellant, 231 AD3d at 816; Balgobind v Long Is. Jewish Med. Ctr., 218 AD3d 428, 429; Samer v Desai, 179 AD3d 860, 862; Brady v Westchester County Healthcare Corp., 78 AD3d 1097, 1098). In opposition, the plaintiff failed to raise a triable issue of fact. The affirmations of the plaintiff's experts were conclusory and speculative (see Mattocks v Ellant, 231 AD3d at 816; Pirri-Logan v Pearl, 192 AD3d at 1151).

Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.

BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court