■ Isaac Nassimi et al., Respondents, v Boris Petrikovsky, Appellant, et al., Defendants. [830 NYS2d 574]—

In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Boris Petrikovsky appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered August 22, 2005, as, in effect, denied that branch of his cross motion which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Boris Petrikovsky which was for summary judgment dismissing the cause of action to recover damages for medical malpractice insofar as asserted against him to the extent that the cause of action is predicated on the claim that he failed to order stress doses of steroids upon Stella Nassimi's admission to the hospital, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiffs alleged, inter alia, that the defendant Boris Petrikovsky (hereinafter the defendant), deviated from accepted standards of medical practice in ordering an excessive dose of

painkillers for Stella Nassimi (hereinafter the decedent), failing to diagnose the decedent's pre-eclampsia, and failing to order stress doses of steroids upon her admission to the hospital.

The defendant established his prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against him, thereby shifting the burden of proof to the plaintiffs "to show by sufficient evidentiary proof the existence of a triable factual issue" (*Holbrook v United Hosp. Med. Ctr.,* 248 AD2d 358, 359 [1998]; *see St. Aubrey v Smithtown Pediatric Group, P.C.,* 31 AD3d 629 [2006]).

In opposition, the plaintiffs raised a triable issue of fact through the affirmation of the plaintiffs' expert, in which the expert opined that the defendant deviated from good and accepted medical practice in failing to diagnose the decedent's pre-eclampsia and in ordering an excessive dose of painkillers, and that such deviation was a proximate cause of the decedent's death (*see Wallenquest v Brookhaven Mem. Hosp. Med. Ctr.,* 28 AD3d 538, 539 [2006]; *Zarzana v Sheepshead Bay Obstetrics & Gynecology,* 289 AD2d 570, 571 [2001]; *Seidman v Booth Mem. Med. Ctr.,* 202 AD2d 490, 491 [1994]).

Contrary to the defendant's contention, the modification of his medication order by a third party did not constitute a superseding act breaking the chain of causation (*see Lynch v Bay Ridge Obstetrical & Gynecological Assoc.,* 72 NY2d 632 [1988]; *Martinez v Lazaroff,* 48 NY2d 819 [1979]; *cf. Merritt v Saratoga Hosp.,* 298 AD2d 802 [2002]).

The plaintiffs' expert did not address the issue involving stress doses of steroids and thus the plaintiffs failed to raise a triable issue of fact in that regard (*see Corley v Country Squire Apts., Inc.,* 32 AD3d 978 [2006]).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Skelos and Dickerson, JJ., concur.