D.S. v Poliseno (2020 NY Slip Op 07414)





D.S. v Poliseno


2020 NY Slip Op 07414


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-00397
2017-09339
 (Index No. 101221/14)

[*1]D.S., etc., et al., respondents,
v
Mariano Poliseno, etc., et al., appellants, et al., defendants.


Vaslas Lepowsky Hauss & Danke LLP, Staten Island, NY (Paul J. Danke, Jr., of counsel), for appellant Marino Poliseno, incorrectly identified by the plaintiff as Mariano Poliseno.
Vigorito, Barker, Porter & Patterson, LLP, Valhalla, NY (Leilani Rodriguez of counsel), for appellants Nisha Lakhi, Natalie Jouve, Rosemarie Seaman, and Richmond University Medical Center.
Krentsel & Guzman, LLP (Michael H. Zhu, Esq., P.C., New York, NY, of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, (1) the defendant Marino Poliseno, incorrectly identified by the plaintiff as Mariano Poliseno, appeals, and the defendants Nisha Lakhi, Natalie Jouve, Rosemarie Seaman, and Richmond University Medical Center separately appeal, from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated November 7, 2016, and (2) the defendant Marino Poliseno appeals from an order of the same court dated June 19, 2017. The order dated November 7, 2016, insofar as appealed from, denied the motion of the defendant Marino Poliseno and the separate motion of the defendants Nisha Lakhi, Natalie Jouve, Rosemarie Seaman, and Richmond University Medical Center, for summary judgment dismissing the complaint insofar as asserted against each of them. The order dated June 19, 2017, inter alia, denied the motion of the defendant Marino Poliseno for leave to renew his motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeal from the order dated June 19, 2017, is dismissed as abandoned; and it is further,
ORDERED that the order dated November 7, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the appellants appearing separately and filing separate briefs.
The plaintiffs, Mary Walker and her infant, commenced this medical malpractice action against, among others, the defendant Marino Poliseno and the defendants Richmond [*2]University Medical Center, Nisha Lakhi, Natalie Jouve, and Rosemarie Seaman (hereinafter collectively the Medical Center defendants). The plaintiffs alleged, inter alia, that, as a result of the negligent acts of Poliseno and the Medical Center defendants, the infant suffered neurological damage and a clavicle fracture during his birth. Specifically, among other things, the plaintiffs allege that Poliseno and the Medical Center defendants failed to anticipate and/or recognize the large size of the fetus in utero and failed to recommend that a cesarean section be performed.
Poliseno and the Medical Center defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. By order dated November 7, 2016, the Supreme Court denied their motions. Thereafter, Poliseno moved for leave to renew. By order dated June 19, 2017, the Supreme Court, among other things, denied his motion.
"A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted standards of medical care or that any departure was not a proximate cause of the plaintiff's injuries" (Mackauer v Parikh, 148 AD3d 873, 875-876; see Stukas v Streiter, 83 AD3d 18, 24). "In order to sustain this burden, the defendant must address and rebut any specific allegations of malpractice set forth in the plaintiff's bill of particulars" (Mackauer v Parikh, 148 AD3d at 876; see Schwartzberg v Huntington Hosp., 163 AD3d 736, 737). "Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Mackauer v Parikh, 148 AD3d at 876 [internal quotation marks omitted]; see Schwartzberg v Huntington Hosp., 163 AD3d at 737).
Here, the Medical Center defendants demonstrated their prima facie entitlement to summary judgment through the submission of deposition testimony, medical records, and expert affirmations establishing that they did not depart from good and accepted medical practice and that, in any event, any alleged departures were not a proximate cause of plaintiffs' alleged injuries (see Schwartzberg v Huntington Hosp., 163 AD3d at 738; Mackauer v Parikh, 148 AD3d at 876). However, in opposition, the plaintiffs raised triable issues of fact as to whether there were departures, including, inter alia, improper delivery techniques, and whether such departures were a proximate cause of the alleged injuries (see Schwartzberg v Huntington Hosp., 163 AD3d at 738).
Poliseno failed to demonstrate his prima facie entitlement to judgment as a matter of law as his submissions, including an expert affirmation, did not address the specific allegations in the plaintiffs' bill of particulars as to his failure to properly anticipate a large fetus, use a Leopold maneuver to determine whether the plaintiff was carrying a large fetus, and consider a cesarean section as an alternative to natural delivery (see Oliver v New York City Health & Hosps. Corp., 178 AD3d 1057, 1059; Gray v Patel, 171 AD3d 1141, 1144). Therefore, we agree with the Supreme Court's denial of Poliseno's motion for summary judgment, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The remaining contentions of Poliseno and the Medical Center defendants are without merit.
Poliseno's appeal from the order dated June 19, 2017, denying his motion for leave to renew, must be dismissed as abandoned (see Brennan v Wappingers Cent. Sch. Dist., 164 AD3d 640, 642), as the brief filed by Poliseno does not seek reversal or modification of any portion of that order.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court