G. M. C. v O'Sullivan (2021 NY Slip Op 05020)





G. M. C. v O'Sullivan


2021 NY Slip Op 05020


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-10183
 (Index No. 61262/13)

[*1]G. M. C., etc., et al., plaintiffs-respondents,
v
Patricia O'Sullivan, etc., defendant-respondent, Southside Hospital, appellant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Steven Widom of counsel), for appellant.
The Fitzgerald Law Firm, P.C., Yonkers, NY (John M. Daly and Mitchell Gittin of counsel), for plaintiffs-respondents.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Scott G. Christesen of counsel), for defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendant Southside Hospital appeals from an order of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), dated July 18, 2018. The order, insofar as appealed from, granted the motion of the defendant Patricia O'Sullivan for summary judgment dismissing the complaint insofar as asserted against her and denied those branches of the separate motion of the defendant Southside Hospital which were for summary judgment dismissing the first and third causes of action insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted the motion of the defendant Patricia O'Sullivan for summary judgment dismissing the complaint insofar as asserted against her is dismissed, as the defendant Southside Hospital is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
On the morning of December 7, 2010, the infant plaintiff's mother, who was 39 weeks pregnant, presented to the defendant Southside Hospital (hereinafter the hospital) because she experienced contractions and a significant loss of fluid earlier that morning. Upon the mother's admission to the hospital, the defendant Patricia O'Sullivan was her attending obstetrician. That afternoon, a cesarean section was performed due to the infant plaintiff's failure to descend through the birth canal. The following day, the infant plaintiff exhibited, among other things, torticollis, duskiness, and twitching in her right eye. The infant plaintiff was subsequently transferred to North Shore University Hospital, where CT and MRI studies showed that she sustained an infarct and [*2]hemorrhaging in the left side of her brain. As a result, the infant plaintiff suffers from permanent partial paralysis on her right side, which requires physical and occupational therapy.
The infant plaintiff, by her mother, and the mother individually, commenced this action against the hospital and O'Sullivan, alleging, inter alia, a cause of action to recover damages for medical malpractice (first cause of action), based on the alleged failure to timely and properly deliver the infant plaintiff, and a derivative cause of action on behalf of the mother (third cause of action). Following the completion of discovery, O'Sullivan moved for summary judgment dismissing the complaint insofar as asserted against her, and the hospital moved, among other things, for summary judgment dismissing the first and third causes of action insofar as asserted against it. In an order dated July 18, 2018, the Supreme Court, inter alia, granted O'Sullivan's motion and denied those branches of the hospital's motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against it. The hospital appeals.
"A physician moving for summary judgment dismissing a complaint alleging medical malpractice must establish, prima facie, either that there was no departure from accepted standards of medical care or that any departure was not a proximate cause of the plaintiff's injuries" (Mackauer v Parikh, 148 AD3d 873, 875-876; see Stukas v Streiter, 83 AD3d 18, 24). "Once this showing has been made, the burden shifts to the plaintiff to submit evidentiary facts or materials to rebut the defendant's prima facie showing, but only as to those elements on which the defendant met the prima facie burden" (Mackauer v Parikh, 148 AD3d at 876 [internal quotation marks omitted]; see D.S. v Poliseno, 189 AD3d 1102, 1104).
Here, contrary to the hospital's contention, the Supreme Court properly determined that, in opposition to its motion for summary judgment, the plaintiffs raised triable issues of fact. The plaintiffs submitted an expert affirmation or affidavit from an obstetrician, a neuroradiologist, a nurse practitioner midwife, and a pediatric neurologist, which raised triable issues of fact, among other things, as to whether the hospital's staff departed from appropriate standards of care by failing to properly interpret fetal heart tracings as indicative of fetal distress, failing to timely notify O'Sullivan of the fetal heart tracings that were indicative of fetal distress, and failing to timely prepare for and perform a cesarean section. The plaintiffs' experts also raised triable issues of fact as to whether the departures proximately caused the infant plaintiff's injuries and specifically rebutted the opinion of the hospital's expert neurologist that the infant plaintiff's injuries were caused by a placental embolus. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Hutchinson v New York City Health & Hosps. Corp. 172 AD3d 1037, 1040 [internal quotation marks omitted]), since "[s]uch credibility issues can only be resolved by a jury" (Feinberg v Feit, 23 AD3d 517, 519). Thus, the court properly denied those branches of the hospital's motion which were for summary judgment dismissing the first and third causes of action insofar as asserted against it.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court