McHale v Sweet (2023 NY Slip Op 03006)

McHale v Sweet

2023 NY Slip Op 03006

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-11945
 (Index No. 50879/17)

[*1]Roger McHale, et al., appellants, 
v
Richard Sweet, etc., et al., defendants, Anna Holness, etc., et al., respondents.

Charles E. Luceno, Valhalla, NY, for appellants.
Pilkington & Leggett, P.C., White Plains, NY (Michael N. Romano of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated October 4, 2019. The order granted the motion of the defendants Anna Holness and White Plains Hospital Center for summary judgment dismissing the amended complaint insofar as asserted against the defendant Anna Holness and so much of the amended complaint as alleged that the defendant White Plains Hospital Center was vicariously liable for the acts or omissions of the defendant Anna Holness.
ORDERED that the order is affirmed, with costs.
The plaintiff Roger McHale (hereinafter the injured plaintiff), and his wife suing derivatively, commenced this action alleging, inter alia, that the defendants Anna Holness and White Plains Hospital Center (hereinafter the hospital, and together with Holness, the defendants) departed from accepted standards of medical practice in connection with the care rendered to the injured plaintiff on July 21, 2014, when he presented to the emergency department of the hospital at 6:33 p.m. with symptoms of a stroke.
Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint insofar as asserted against Holness and so much of the amended complaint as alleged that the hospital was vicariously liable for the acts or omissions of Holness. The plaintiffs opposed the motion. In an order dated October 4, 2019, the Supreme Court granted the motion. The plaintiffs appeal.
"A defendant moving for summary judgment in a medical malpractice action must demonstrate the absence of any material issues of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853) with respect to at least one of the elements of a cause of action alleging medical malpractice: (1) whether the physician deviated or departed from accepted community standards of practice, or (2) [whether] such a departure was a proximate cause of the plaintiff's injuries" (Palmeiro v Luchs, 202 AD3d 989, 990 [internal quotation marks omitted]; see Templeton v Papathomas, 208 AD3d 1268, 1270). "It is the plaintiff[s'] burden to raise a triable issue of fact [*2]regarding the element or elements on which the defendant[s] ha[ve] made [their] prima facie showing" (Templeton v Papathomas, 208 AD3d at 1270 [internal quotation marks omitted]; see Stukas v Streiter, 83 AD3d 18, 25). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (Templeton v Papathomas, 208 AD3d at 1270 [internal quotation marks omitted]; see Palmeiro v Luchs, 202 AD3d at 991). "[E]xpert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Elstein v Hammer, 192 AD3d 1075, 1077; see Templeton v Papathomas, 208 AD3d at 1270). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Templeton v Papathomas, 208 AD3d at 1270-1271 [internal quotation marks omitted]; see Tsitrin v New York Community Hosp., 154 AD3d 994, 996). "An expert opinion that is contradicted by the record cannot defeat summary judgment" (Templeton v Papathomas, 208 AD3d at 1271 [internal quotation marks omitted]; see Lamalfa v New York Methodist Hosp., 202 AD3d 665, 666).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against Holness and so much of the amended complaint as alleged that the hospital was vicariously liable for the acts or omissions of Holness by submitting, inter alia, the affirmation of their expert physician. Based upon his review of the injured plaintiff's hospital records, the pleadings, and transcripts of the parties' deposition testimony, the defendants' expert opined to a reasonable degree of medical certainty that Holness did not deviate from accepted standards of medical care in her treatment of the injured plaintiff and that the care rendered to the injured plaintiff by Holness did not proximately cause his injuries (see Templeton v Papathomas, 208 AD3d at 1271; Lamalfa v New York Methodist Hosp., 202 AD3d at 666). The affirmation of the plaintiffs' expert submitted in opposition contained opinions that were speculative and unsupported by the record. Thus, the plaintiffs failed to raise a triable issue of fact. (see Templeton v Papathomas, 208 AD3d at 1271; Lamalfa v New York Methodist Hosp., 202 AD3d at 666).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint insofar as asserted against Holness and so much of the amended complaint as alleged that the hospital was vicariously liable for the acts or omissions of Holness.
The plaintiffs' remaining contention is without merit.
DILLON, J.P., CHAMBERS, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court