| Walters v Brookdale Univ. Hosp. & Med. Ctr. |
|:---:|
| 2025 NY Slip Op 30155(U) |
| January 13, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 5078/2012 |
| Judge: Genine D. Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At Part 80 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, New York, on the 13th day of January 2025.

P R E S E N T :

Hon. Genine D. Edwards, Justice

-----------------------------------------------------------------------x

NADINE WALTERS,

                            Plaintiff,                         Index No. 5078/2012

                    -against-

THE BROOKDALE UNIVERSITY HOSPITAL AND
MEDICAL CENTER, DR. MUNEER CHAUDHARY,
and DR. SANDRA ROBINSON,

                       Defendants.

-----------------------------------------------------------------------x

The following e-filed papers read herein:              NYSCEF Nos.:

Notice of Motion, Affirmation, and Exhibits................................................3-46
Affirmation in Opposition and Exhibits....................................................50-55
Affirmation in Reply ...............................................................................57

In this action for medical malpractice, Nadine Walters ("plaintiff") alleged that defendants deviated from the standard of care by failing to diagnose a tendon laceration during an Emergency Department ("ED") presentation on July 17, 2011. Dr. Muneer Chaudhary ("Dr. Chaudhary") observed plaintiff's injury by palpating her wound and determined that she had a superficial laceration that did not require a magnetic resonance imaging ("MRI") after an x-ray revealed no foreign object in the wound.

[* 1]

Defendants moved pursuant to CPLR §3212 seeking an extension of time to file the instant summary judgment motion and, upon granting of the time extension, dismissing plaintiff's claim. Plaintiff opposed defendants' motion.

## LAW

The elements of a medical malpractice claim are a deviation or departure from accepted practice and evidence that such a departure was the proximate cause of injury or damage. *McHale v. Sweet*, 217 A.D.3d 666, 190 N.Y.S.3d 438 (2d Dept. 2023). A defendant's negligence is the proximate cause when it is a substantial factor in producing the injury. *Templeton v. Papathomas*, 208 A.D.3d 1268, 175 N.Y.S.3d 544 (2d Dept. 2022).

Summary judgment is warranted where the movant can demonstrate the absence of any relevant material issue of fact, and therefore is entitled to judgment as a matter of law. *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 508 N.Y.S.2d 923 (1986); see *Winegrad v. New York Univ. Med. Ctr.*, 64 N.Y.2d 851, 487 N.Y.S.2d 316 (1985). "When moving for summary judgment, a defendant...must establish the absence of any departure from good and accepted medical practice or that...plaintiff was not injured thereby." *Barnaman v. Bishop Hucles Episcopal Nursing Home*, 213 A.D.3d 896, 184 N.Y.S.3d 800 (2d Dept. 2023). To sustain this burden, a defendant "must address and rebut any specific allegations of malpractice set forth in plaintiff's bill of particulars." *D.S. v. Poliseno*, 189 A.D.3d 1102, 133 N.Y.S.3d 831 (2d Dept. 2020).

In opposition, the plaintiff must "raise a triable issue of fact regarding the element or elements on which defendant has made its prima facie showing." *G.M.C. v. O'Sullivan*, 197 A.D.3d 1230, 153 N.Y.S.3d 565 (2d Dept. 2021). To do so, plaintiff must submit the affidavit of a physician attesting to a departure from good and accepted practice, and stating the physician's opinion that the alleged departure was a competent producing cause of plaintiff's injuries. *Larcy v. Kamler*, 185

2

[* 2]

A.D.3d 564, 127 N.Y.S.3d 122 (2d Dept. 2020); *Simmons v. Rubano*, 78 Misc.3d 1230(A), 186 N.Y.S.3d 923 (Sup. Ct., Kings County 2023).

## ANALYSIS

Here, defendants failed to establish prima facie entitlement to judgment as a matter of law. While defendants' counsel described the procedural history of the instant action in detail warranting a time extension for the instant motion, defendants' counsel failed to provide a statement of facts, in violation of 22 NYCRR 202.8. Defendants instead rely on the submission of, inter alia, the affirmation of Robert H. Meyer M.D. ("Dr. Meyer") to summarize the pertinent medical care and timeline. Dr. Meyer references an expert report by David Nidorf, M.D. ("Dr. Nidorf"), and defendants annexed that report as an exhibit to the instant motion. Dr. Meyer and Dr. Nidorf disagree on whether performing an MRI is the appropriate standard of care required to properly diagnose plaintiff's injury. "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. *Cerrone v. North Shore-Long Is. Jewish Health Sys., Inc.*, 197 A.D.3d 449, 152 N.Y.S.3d 147 (2d Dept. 2021); *see also Gupta v. Lescale*, 224 AD3d 668, 204 N.Y.S.3d 554 (2d Dept. 2024).

Moreover, Dr. Chaudhary testified that an MRI would be the gold standard for determining the seriousness of the laceration and that an x-ray, limited in scope, would not reveal a torn tendon injury. Dr. Chaudhary's reason for not performing the MRI was that he determined that plaintiff did not need one and that the section of the hospital that performs MRIs was closed at the time of plaintiff's diagnosis. Dr. Chaudhary further testified that a torn tendon in the foot would cause a loss of sensation, an inability to move the foot, and a pain that could be moderate or severe. Dr. Chaudhary admitted that plaintiff represented that she could not move her toe, and that on a scale

**3**

[* 3]

from 1-10 plaintiff reported a pain level of 5-6 at the beginning of her ED visit and a pain level of 3-4 at the end. Three days after her ED visit, plaintiff went to a surgery clinic and represented that she could not move her toe. As such, questions of fact remain, precluding summary judgment.

Accordingly, it is

ORDERED that defendants' motion for summary judgment is denied, and it is further

ORDERED that plaintiff's counsel is directed to electronically serve a copy of this decision/order with notice of entry upon all counsel and to electronically file an affidavit of service with the Kings County Clerk, and it is further

ORDERED that the parties shall appear for an Alternative Dispute Resolution conference on March 10, 2025, at 12PM.

This constitutes the Decision and Order of this Court.

For Clerks use only

MG___

MD___

Motion Seqs.#: 10

ENTER

J.S.C.
Hon. Genine D. Edwards
Administrative Judge

4

[* 4]