Harris v Montefiore Med. Ctr. (2025 NY Slip Op 04237)

Harris v Montefiore Med. Ctr.

2025 NY Slip Op 04237

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-09709
 (Index No. 520406/16)

[*1]Hylton Harris, etc., et al., appellants, 
v
Montefiore Medical Center, et al., respondents.

Tumelty & Spier, LLP, New York, NY (John P. Tumelty of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, New York, NY (Gregory I. Freedman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated August 29, 2023. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
In this action, inter alia, to recover damages for medical malpractice, the plaintiffs are the executors of the estate of Junior Jones (hereinafter the decedent) and the decedent's wife. The plaintiffs allege, among other things, that the defendants, Montefiore Medical Center and Michael J. Vitti, negligently failed to timely diagnose and treat an infection in the decedent's right leg and negligently failed to admit the decedent to a hospital, ultimately resulting in the loss of the decedent's right leg.
Following the completion of discovery, the defendants moved for summary judgment dismissing the amended complaint, and the plaintiffs opposed the motion. The Supreme Court granted the defendants' motion. The plaintiffs appeal.
"In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Gupta v Lescale, 224 AD3d 668, 669 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d 666, 667). "Once this showing has been made, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Gupta v Lescale, 224 AD3d at 669 [internal quotation marks omitted]; see Wagner v Parker, 172 AD3d 954, 954). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (Gupta v Lescale, 224 AD3d at 669 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d at 667; Pirri-Logan v Pearl, 192 AD3d 1149, 1150). However, a medical expert's opinion does not raise a triable issue of fact if it is "conclusory, speculative, or unsupported by the record" (McHale v Sweet, 217 AD3d at 668; see Pirri-Logan v Pearl, 192 AD3d at 1150). "'In order not to [*2]be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record'" (McHale v Sweet, 217 AD3d at 668, quoting Templeton v Papathomas, 208 AD3d 1268, 1270-1271; see Pirri-Logan v Pearl, 192 AD3d at 1150). Additionally, "[a]n expert opinion that is contradicted by the record cannot defeat summary judgment" (Templeton v Papathomas, 208 AD3d at 1270-1271 [internal quotation marks omitted]; see Wagner v Parker, 172 AD3d at 955).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint by submitting, inter alia, affirmations of two medical experts who opined that the defendants did not depart from good and accepted medical practice in their treatment of the decedent. In opposition, an expert affirmation submitted by the plaintiffs failed to raise a triable issue of fact because that expert's opinions were conclusory, speculative, and unsupported by the record, and failed to address specific assertions made by the defendants' experts (see McHale v Sweet, 217 AD3d at 668; Pirri-Logan v Pearl, 192 AD3d at 1151).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the amended complaint.
The plaintiffs' remaining contention is without merit.
MILLER, J.P., CHRISTOPHER, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court