Dwyer v Montefiore New Rochelle Hosp.
2026 NY Slip Op 02825
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Maurice Dwyer, etc., et al., appellants,
v
Montefiore New Rochelle Hospital, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2019-13081, 2019-13083, 2019-13084, 2019-13085, (Index No. 65537/16)
Valerie Brathwaite Nelson, J.P.
William G. Ford
Deborah A. Dowling
Elena Goldberg Velazquez, JJ.

Stewart Law Firm, PLLC, Rosedale, NY (Charmaine M. Stewart and Nadira S. Stewart of counsel), for appellants.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for respondents Montefiore New Rochelle Hospital, Melissa Aleta, and Rosie Lyo.
Sheeley, LLP, New York, NY (Jon D. Lichenstein of counsel), for respondent Schaffer Extended Care Center, Inc.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from four orders of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), each dated October 3, 2019. The first order granted the motion of the defendant Schaffer Extended Care Center, Inc., for summary judgment dismissing the complaint insofar as asserted against it. The second order granted the motion of the defendants Montefiore New Rochelle Hospital, Melissa Aleta, and Rosie Lyo for summary judgment dismissing the complaint insofar as asserted against them. The third order denied the plaintiffs' cross-motion for leave to amend the complaint. The fourth order denied the plaintiffs' second cross-motion for leave to amend the complaint.
ORDERED that the orders are affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiffs are the administrators of the estate of Mickie H. Dwyer (hereinafter the decedent), who died of aspiration of gastric contents with coronary artery disease as a contributing factor. The plaintiffs commenced this action, inter alia, to recover damages for medical malpractice, alleging, among other things, that the defendants Montefiore New Rochelle Hospital, Melissa Aleta, and Rosie Lyo (hereinafter collectively the Montefiore defendants), and the defendant Schaffer Extended Care Center, Inc. (hereinafter Schaffer), were negligent in their care of the decedent, ultimately resulting in his aspiration on gastric contents and death.
Following the completion of discovery, the Montefiore defendants and Schaffer (hereinafter together the moving defendants) separately moved for summary judgment dismissing [*2]the complaint insofar as asserted against each of them. The plaintiffs subsequently cross-moved, twice, for leave to amend the complaint. The Supreme Court granted the moving defendants' separate motions and denied the plaintiffs' cross-motions. The plaintiffs appeal.
"In a medical malpractice action, a defendant moving for summary judgment bears the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Harris v Montefiore Med. Ctr., 240 AD3d 762, 763 [internal quotation marks omitted]; see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d 677, 677-678; McHale v Sweet, 217 AD3d 666, 667). "Once this showing has been made, a plaintiff must submit evidentiary facts or materials to rebut the defendant's prima facie showing, so as to demonstrate the existence of a triable issue of fact" (Harris v Montefiore Med. Ctr., 240 AD3d at 763 [internal quotation marks omitted]; see Gupta v Lescale, 224 AD3d 668, 669; Wagner v Parker, 172 AD3d 954, 954). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions. Such credibility issues can only be resolved by a jury" (Harris v Montefiore Med. Ctr., 240 AD3d at 763 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d at 668; Pirri-Logan v Pearl, 192 AD3d 1149, 1150). "However, a medical expert's opinion does not raise a triable issue of fact if it is conclusory, speculative, or unsupported by the record" (Harris v Montefiore Med. Ctr., 240 AD3d at 763 [internal quotation marks omitted]; see Pirri-Logan v Pearl, 192 AD3d at 1150). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on specifically cited evidence in the record" (Harris v Montefiore Med. Ctr., 240 AD3d at 763-764 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d at 668). Additionally, "[a]n expert opinion that is contradicted by the record cannot defeat summary judgment" (Harris v Montefiore Med. Ctr., 240 AD3d at 764 [internal quotation marks and alteration omitted]; see Templeton v Papathomas, 208 AD3d 1268, 1271; Wagner v Parker, 172 AD3d at 955).
Here, the Montefiore defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting, inter alia, an affirmation of a medical expert who opined that the Montefiore defendants did not depart from good and accepted medical practice in their treatment of the decedent and that the care rendered to decedent by the Montefiore defendants did not proximately cause his death. Schaffer also established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting, among other things, an affirmation of a medical expert who opined that Schaffer did not depart from good and accepted medical practice in its treatment of the decedent and that the care rendered to decedent by Schaffer did not proximately cause his death.
In opposition, the affirmations of the plaintiffs' experts failed to raise a triable issue of fact, as, inter alia, those experts' opinions were conclusory, speculative, and unsupported by the record, and failed to address specific assertions made by the moving defendants' experts (see Harris v Montefiore Med. Ctr., 240 AD3d at 764; McHale v Sweet, 217 AD3d at 668; Pirri-Logan v Pearl, 192 AD3d at 1151). Accordingly, the Supreme Court properly granted the moving defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
The Supreme Court also providently exercised its discretion in denying the plaintiffs' cross-motions for leave to amend the complaint, as the action had already been certified as ready for trial, approximately 2½ years had passed since the plaintiffs filed the complaint, the new causes of action were based on facts that the plaintiffs had been aware of since the commencement of the action, and the plaintiffs did not provide any excuse for their delay in seeking leave to amend the complaint to add those causes of action (see Shucht v Innovative Biodefense, Inc., 217 AD3d 703, 704; Morand v Farmers New Century Ins. Co., 171 AD3d 1167, 1168; Yong Soon Oh v Hua Jin, 124 AD3d 639, 641; T & V Constr., Inc. v Calapai, 90 AD3d 908, 909).
The parties' remaining contentions are either improperly raised for the first time in [*3]reply or without merit.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court