Chaya v Maimonides Med. Ctr.
2026 NY Slip Op 03420
June 3, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Yaffa Chaya, etc., respondent,
v
Maimonides Medical Center, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 3, 2026
2020-04287, (Index No. 10918/15)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

McAloon & Friedman, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for appellant.
The Fitzgerald Law Firm, P.C. (John M. Daly, Yonkers, NY [Mitchell Gittin], of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the defendant appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated May 5, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was predicated upon the defendant's alleged failure to intubate the plaintiff's infant and administer surfactant promptly following delivery, and to conduct a proper differential diagnosis regarding the infant's oxygen desaturations during her second day of life, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff, as the parent and natural guardian of her child (hereinafter the infant), commenced this action to recover damages for medical malpractice and lack of informed consent in connection with the treatment rendered to the infant, who was born at the defendant prematurely at 24 weeks and 4 days gestation. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. During oral argument on the motion, the plaintiff abandoned all but four theories of liability, namely, that the defendant's neonatology staff departed from good and accepted practice by: (1) failing to intubate the infant and administer surfactant promptly following delivery; (2) failing to conduct a proper differential diagnosis regarding the infant's oxygen desaturations during her second day of life; (3) failing to administer a second dose of surfactant between 8 and 12 hours following the initial surfactant treatment; and (4) failing to timely transfuse packed red blood cells to treat the infant's anemia and hypoxia. In an order dated May 5, 2020, the Supreme Court denied the defendant's motion, and the defendant appeals.
"In a medical malpractice action, a defendant moving for summary judgment bears [*2]the initial burden of establishing either that there was no departure from good and accepted medical practice or that any departure was not a proximate cause of the plaintiff's injuries" (Harris v Montefiore Med. Ctr., 240 AD3d 762, 763 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d 666, 667). "Once a defendant has made such a showing, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of fact as to the elements on which the defendant met the prima facie burden" (Piazza v NYU Hosps. Ctr., 208 AD3d 525, 526; see Peynado v Woodhull Med. & Mental Health Ctr., 239 AD3d 677, 678). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (McHale v Sweet, 217 AD3d at 668 [internal quotation marks omitted]; see Pirri-Logan v Pearl, 192 AD3d 1149, 1150). However, "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Elstein v Hammer, 192 AD3d 1075, 1077 [internal quotation marks omitted]; see McHale v Sweet, 217 AD3d at 668). "In order not to be considered speculative or conclusory, expert opinions in opposition should address specific assertions made by the movant's experts, setting forth an explanation of the reasoning and relying on 'specifically cited evidence in the record'" (Tsitrin v New York Community Hosp., 154 AD3d 994, 996, quoting Roca v Perel, 51 AD3d 757, 759).
Here, the defendant demonstrated, prima facie, that it did not depart from the accepted standard of care with respect to the plaintiff's allegations that it failed to intubate the infant and administer surfactant promptly following delivery, and failed to conduct a proper differential diagnosis regarding the infant's oxygen desaturations during her second day of life. In support of its motion, the defendant submitted, inter alia, an expert affirmation of a board-certified physician in pediatrics and neonatal-perinatal medicine, who opined, among other things, that the defendant's staff acted appropriately and within the standard of care by following the "Columbia method" and providing "nasal continuous positive airway pressure" to the infant, who had only mild respiratory distress at the time of birth, before progressing to intubation and the administration of surfactant. Additionally, the expert explained that it was "not within the standard of care to rush to x-ray a premature infant every time there is a desaturation, since desaturations and bradycardias can be the result of prematurity alone, and performing a chest x-ray every time there is a desaturation would expose an infant to too much radiation" (see Harris v Montefiore Med. Ctr., 240 AD3d at 764).
In opposition, the plaintiff failed to raise a triable issue of fact. An affidavit of the plaintiff's expert in pediatrics and neonatal-perinatal medicine contained opinions regarding these allegations that were speculative and conclusory, and failed to adequately address specific assertions made by the defendant's expert (see id.; Mattocks v Ellant, 231 AD3d 813, 816). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was predicated upon the defendant's alleged failure to intubate the infant and administer surfactant promptly following delivery, and to conduct a proper differential diagnosis regarding the infant's oxygen desaturations during her second day of life (see generally Nassimi v Petrikovsky, 37 AD3d 676, 676-677).
However, the Supreme Court properly denied that branch of the defendant's motion which was for summary judgment dismissing so much of the cause of action to recover damages for medical malpractice as was predicated upon the defendant's alleged failure to administer a second dose of surfactant between 8 and 12 hours following the initial surfactant treatment and to timely transfuse packed red blood cells to treat the infant's anemia and hypoxia. The defendant failed to establish, prima facie, that its failure to administer a second dose of surfactant to the infant within 8 to 12 hours after the initial dose was not a departure from the standard of care, or that such a departure was not a proximate cause of the infant's injuries. Additionally, in opposition to the defendant's prima facie showing that any delay in transfusing the infant or treating her anemia was not a proximate cause of her injuries, the plaintiff raised a triable issue of fact (see Clinkscales v Tostanoski, 241 AD3d 773, 777).
The Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for lack of informed consent. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter [*3]of law dismissing that cause of action, the plaintiff failed to raise a triable issue of fact, as the plaintiff did not oppose that branch of the motion (see Macancela v Wyckoff Hgts. Med. Ctr., 176 AD3d 795, 798).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court