Farray v State of New York
2026 NY Slip Op 03663
June 10, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Verne Farray, appellant,
v
State of New York, respondent. (Claim No. 130393)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 10, 2026
2022-00126
Betsy Barros, J.P.
Linda Christopher
Carl J. Landicino
Laurence L. Love, JJ.

Spar & Bernstein, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Paul Seidenstock, and Joshua Block], of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Ester Murdukhayeva, Kristin C. Holladay, and Samantha Neal of counsel), for respondent.

[*1]
DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from a judgment of the Court of Claims (Faviola A. Soto, J.), dated November 16, 2021. The judgment, upon an order of the same court dated October 25, 2021, granting the defendant's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the claim, made at the close of the claimant's case at a nonjury trial on the issue of liability, is in favor of the defendant and against the claimant dismissing the claim.
ORDERED that the judgment is affirmed, with costs.
On July 16, 2017, the claimant was injured in a motor vehicle accident. The claimant was a passenger in a vehicle traveling westbound in the far left lane of the Grand Central Parkway (hereinafter the parkway). A second vehicle was traveling westbound in the right lane of the parkway when the second vehicle came into contact with a third vehicle as the second vehicle attempted to pass the third vehicle. The second vehicle lost control, traveling across three lanes of traffic and colliding with the vehicle in which the claimant was a passenger. The vehicle in which the claimant was a passenger then broke through a 27-inch-high guiderail, traveled into the eastbound lanes of the parkway, and was hit by oncoming traffic.
Thereafter, the claimant filed a claim against the State of New York, alleging that the State failed to maintain the parkway in a reasonably safe condition. Following the close of the claimant's case at a nonjury trial on the issue of liability, in an order dated October 25, 2021, the Court of Claims granted the State's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the claim. Thereafter, in a judgment dated November 16, 2021, the court dismissed the claim. The claimant appeals.
To be entitled to judgment as a matter of law pursuant to CPLR 4401, "a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the [factfinder] could find for the plaintiff against the moving defendant" (Whitehall v Andrade, 231 AD3d 1094, 1095 [internal quotation marks omitted]). "'In determining whether the defendant has met this burden, a court must accept the plaintiff's evidence as true and accord the plaintiff the benefit of every favorable inference which can reasonably be drawn from the evidence presented at trial'" (id., quoting Feteha v Scheinman, 169 AD3d 871, 872).
"The State has a nondelegable duty to maintain its roads and highways in a reasonably safe condition" (Paci v State of New York, 233 AD3d 945, 945 [internal quotation marks omitted]). However, the State "is not an insurer of the safety of its roads" (Sinski v State of New York, 2 AD3d 517, 517). "To prove that the State was negligent in the maintenance of its roadway, a claimant must demonstrate the existence of a dangerous condition of which the State had actual or constructive notice and which it failed to take reasonable measures to correct" (Paci v State of New York, 233 AD3d at 945-946). "Further, in order to establish liability, a claimant must demonstrate that the State's negligence in maintaining its roads in a reasonable condition was a proximate cause of the accident" (id. at 946).
Here, the claimant contends that the 27-inch-high guiderail between the eastbound and the westbound lanes of the parkway did not meet the standard height for guiderails adopted in approximately 2012, which required guiderails to be 29 inches high, and that that condition contributed to the accident. The claimant's expert testified that 27-inch-high guiderails were nonstandard in 2017 but were standard when they were installed in 1982 and that it was not the policy of the State "to go out and change existing guiderails whenever there's a change in the standards with respect to the height of the guiderails." When asked "simply because a roadway structure is nonstandard, doesn't mean that it's hazardous, correct," the claimant's expert replied "[t]hat's correct." The claimant's expert opined that a guiderail meeting the height standard of 29 inches "[c]ould have" stopped the vehicle in which the claimant was a passenger from breaking through the guiderail and traveling into the eastbound lanes of the parkway into oncoming traffic. However, this assertion, which was conclusory and not based on any evidence, was stricken from the record by the Court of Claims (see McHale v Sweet, 217 AD3d 666, 667; Elstein v Hammer, 192 AD3d 1075, 1077).
Accordingly, the claimant failed to meet his burden of establishing liability, and the Court of Claims properly granted the State's oral application, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the claim.
BARROS, J.P., CHRISTOPHER, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court